STATE *ex rel.* ELIZABETH K. WILSON *vs.* C. H. BIGELOW, County Auditor.

Argued by appellant, submitted on brief by respondent, Dec. 18, 1892. Decided Jan. 13, 1893.

**Constitution, Art. 4, § 27, Construed.**

> The proviso to section 1, ch. 198, Laws 1889, being an act to amend section 37, ch. 6, Laws 1877, relating to notice of redemption from tax sales, is not contrary to Const. art. 4, § 27, that "no law shall embrace more than one subject, which shall be expressed in its title."

Appeal by C. H. Bigelow, County Auditor of Meeker County, from an order of the District Court of said county, *Powers,* J., made May 21, 1892, directing that a peremptory writ of *mandamus* issue.

Elizabeth K. Wilson, administratrix of the estate of Eugene M. Wilson, deceased, on March 31, 1892, demanded of said County Auditor that he certify the amount necessary to redeem from tax sale the southwest quarter of the northeast quarter of section thirty-one, (31,) T. 120, R. 30, in said county. He refused, stating as a reason that the time for redemption had expired. Deceased in his lifetime owned this land. Taxes thereon for the year 1885 were not paid, and judgment was on March 21, 1887, recovered therefor against the land, and it was sold May 2, 1887, and bid in by the state for $8.09. Thereafter, on December 17, 1891, the County Auditor, by direction of the State Auditor, sold and deeded the land at private sale to Charles H. Dart, pursuant to 1878 G. S. ch. 11, §§ 101, 102. The County Auditor published notice as required by Laws 1885, ch. 194,

but Dart never obtained and caused to be served the notice required by Laws 1889, ch. 198.

The trial court held that the proviso in the last-mentioned Act was a valid enactment, and applies to the purchaser of forfeited lands under 1878 G. S. ch. 11, §§ 101, 102, if the purchase was made after it was enacted, as well as to the purchaser at the tax sale, and ordered a peremptory writ of *mandamus* to issue, requiring the County Auditor to forthwith certify the amount necessary to redeem the land from the tax sale, pursuant to the last subdivision of 1878 G. S. ch. 11, § 90. From that order this appeal is taken by the County Auditor, and he here contends that the proviso in Laws 1889, ch. 198. is unconstitutional, because that Act embraces more than one subject, and that the subject of the proviso is not expressed in the title of the Act. Constitution, art. 4, § 27.

*Spooner & Taylor*, for appellant.

The declared purpose in the title of Laws 1889, ch. 198, is, to amend Laws 1877, ch. 6, § 37. The original purpose and intent and in fact the only provision and object of § 37 was, to provide for the giving of notice of expiration of redemption, in cases where tax certificates were held by the purchasers or assignees referred to in 1878 G. S. ch. 11, § 90. It had no reference, and could have had no reference, to the case of a purchaser of lands forfeited to the state, provided for in 1878 G. S. ch. 11, § 101. This court has so held in *State ex rel.* v. *Smith*, 36 Minn. 456. The effect of adding the proviso was, to indirectly repeal, for it renders nugatory and of no effect, the provisions of 1878 G. S. ch. 11, § 102. *State ex rel.* v. *Smith*, 35 Minn. 257.

The legislation sought to be accomplished, is not the office of a proviso. Provisos and exceptions are similar, intended to restrain the enacting clause, to except something which would otherwise be within it, or in some manner to modify it. *Wayman* v. *Southard*, 10 Wheat. 1; *Pearce* v. *Bank of Mobile*, 33 Ala. 693; *Rawls* v. *Doe*, 23 Ala. 240; *Voorhees* v. *Bank of United States*, 10 Pet. 449; *Mullins* v. *Treasurer of Surrey*, 5 Q. B. D. 170; *McRae* v. *Holcomb*, 46 Ark. 306; *Dollar Savings Bank* v. *United States*, 19 Wall. 227; *Minis*

v. *United States,* 15 Pet. 443; *Bank for Savings* v. *Collector,* 3 Wall. 495; *Ihmsen* v. *Monongahela Nav. Co.,* 32 Pa. St. 153.

For the reasons above suggested we insist that the proviso was void, in which event no notice was required to be given by the purchaser Dart, and the peremptory writ should not have been ordered to issue, and the order appealed from should be reversed.

*H. W. Young,* for relator.

The title of Laws 1889, ch. 198, fairly and reasonably expresses the subject, and is sufficiently broad and comprehensive, to embrace the several provisions relating to, or connected with, the subject. The Constitution, art. 4, § 27, has been so many times before this court for construction, and expression as to its meaning has been so frequently given, that it is only necessary to call the attention of the court to the decisions which have been made, to show how groundless this objection is. *Supervisors of Ramsey Co.* v. *Heenan,* 2 Minn. 330, (Gil. 281;) *Tuttle* v. *Strout,* 7 Minn. 465, (Gil. 374;) *City of St. Paul* v. *Colter,* 12 Minn. 41, (Gil. 16;) *State* v. *Gut,* 13 Minn. 341, (Gil. 315;) *State* v. *Kinsella,* 14 Minn. 524, (Gil. 395;) *Atkinson* v. *Duffy,* 16 Minn. 45, (Gil. 30;) *Barton* v. *Drake,* 21 Minn. 299; *State* v. *Cassidy,* 22 Minn. 312; *State* v. *McFadden,* 23 Minn. 40; *State ex rel.* v. *Lake City,* 25 Minn. 404; *State* v. *Cantieny,* 34 Minn. 1; *Gillitt* v. *McCarthy,* 34 Minn. 318; *State ex rel.* v. *Smith,* 35 Minn. 257; *Butler* v. *Chambers,* 36 Minn. 69; *State* v. *Madson,* 43 Minn. 438; *Johnson* v. *Harrison,* 47 Minn. 575.

All we care to say in answer to appellant's point that the legislation here sought to be accomplished is not in the province of a proviso, is that the legislation contained in the proviso is germane to the general subject.

GILFILLAN, C. J.   Chapter 198, Laws 1889, is entitled "An act to amend section thirty-seven, of chapter six, General Laws of eighteen hundred and seventy-seven, relating to notice of redemption from tax sales."

The section specified in this title provided that the holder of a tax certificate should, at least ninety days before the expiration of

the time for redemption, present the certificate to the auditor of the county, and the latter should prepare a notice to the person in whose name the lands should be assessed, that the notice should be served in the manner prescribed, and that the time for redemption should expire sixty days after the service of the notice.

As held in *State* v. *Smith*, 36 Minn. 456, (32 N. W. Rep. 174,) this provision did not apply to the state, nor to an assignee of the state, after the time to redeem expired.

The part of the amending act called in question here is at the end of the section in which it occurs, and is in the form of a proviso. It enlarges, instead of restraining, the operation of the preceding part of the section, so that it does not come within the strict definition of a proviso. But an act of the legislature is to have effect according to the intention appearing from it, however unskillfully it may be drawn; so that, so far as necessary for the purposes of this case, it does not matter that it is called a "proviso," when, in strict legal definition, it is not.

Laws 1877, ch. 6, § 37, contained all the provision there was in the law on the subject of notice of the expiration of the time to redeem, and its effect was to extend the time to redeem until sixty days after service of the notice. Laws 1889, ch. 198, made some changes in the provisions of section 37, one of which authorized the application to the county auditor to issue the notice to be made before the time to redeem, as previously fixed by statute, should expire. This is changed so as to require the application to be made after such time. At the end of the section in the act of 1889 which makes these changes occurs what is called the "proviso," as follows: "Provided, that the title to all lands sold to purchasers under and by virtue of the provisions of section one hundred and one, chapter eleven, General Statutes of eighteen hundred and seventy-eight, (1878 G. S. ch. 11, § 101,) shall not vest in the purchaser, and the time for redemption shall not expire until the notice contemplated by this act shall have been given by said purchaser." Section 101, thus referred to, provides that property bid in by the state shall, unless redeemed within two years, become the absolute property of the state; but it preserves the right to redeem after so becoming the absolute property

of the state, and before a sale thereof by the state. The *proviso,* though perhaps awkwardly expressed, merely extends to one who purchases from the state after the expiration of the time originally given for redemption, the provisions in the preceding part of the section extending the time to redeem until sixty days after service of the notice.

The objection made to this proviso is that it is in violation of the constitution, (article 4, § 27,) that "no law shall embrace more than one subject, which shall be expressed in its title." The subject expressed in the title to the act of 1889 is the amendment of Laws 1877, ch. 6, § 37, *relating to notice of redemption from tax sales.* Whatever comes within or is germane to the general subject thus expressed was proper to include in the act. The title to an act need not express the particular provisions to be enacted, nor refer in specific terms to the subdivisions of the general subject. All that is required is that the details of the enactment come legitimately under the general designation of the subject in the title.

The intention being expressed to amend section 37, it was proper to insert in the body of the act any provisions relating to its general subject-matter, to wit, *"notice* of redemption from tax sales," and was proper not only to alter the provisions as to preparing and serving notices, and as to the effect of the notice, but to apply the requirements to others than those to whom they were applied by the act to be amended; as, for instance, to the state, or to purchasers from the state, or to exempt from the requirements any cases included in the act to be amended.

Nor, where the general subject is sufficiently expressed, is it necessary for the title to refer in any way to the effect the act may have in incidentally modifying the provisions of some other act. The effect of applying the provisions of this act to persons purchasing from the state after the time originally given for redemption has passed, modifies 1878 G. S. ch. 11, § 102, so that the purchaser, instead of getting an absolute title from the state, gets one which can become absolute only by service of the notice and failure of redemption for sixty days thereafter.

The case of *State* v. *Smith*, 35 Minn. 257, (28 N. W. Rep. 241,) was wholly unlike this. That was a case where, under a title expressing that the act was to amend one statute, the legislature attempted to expressly repeal another, wholly independent of the first, not only in the time of its passage, but in its provisions.

The "proviso" was not contrary to the constitution.

Order affirmed.

(Opinion published 54 N. W. Rep. 95.)