REUEL L. HALL v. CHARLES F. LELAND and Wife.[1]

| 64 | 71 |
|----|----|
| f84 | 412 |

February 6, 1896.

Nos. 9542—(81).

**Reformation of Deed—Findings Sustained.**
Evidence *held* to justify the findings of fact.

**Constitution—Title of Act.**
Laws 1885, c. 53, entitled "An act to amend section 36 of chapter 73 of the General Statutes of 1878 relating to the testimony of witnesses," is not repugnant to section 27, art. 4, of the constitution.

**Same—Amendment of "General Statutes of 1878."**
Where an act purports to amend any part of the compilation called "General Statutes of 1878," its title will be sufficient, if it would be so if such compilation was an original enactment.

Appeal by plaintiff from a judgment of the district court for Anoka county, in favor of defendant, entered in pursuance of the findings and order of Elliott, J. Affirmed.

*Savage & Purdy*, for appellant.

*Alford & Hunt* and *Cash, Williams & Chester*, for respondents.

*Francis G. Burke*, as amicus curiæ, also filed a brief in support of the constitutionality of Laws 1885, c. 53.

MITCHELL, J. This was an action to reform a deed by striking out a provision purporting to be an assumption and an agreement, on part of the grantee, to pay a mortgage on the granted premises, which, he alleges, was not in accordance with the actual agreement of the parties, but was fraudulently inserted by the grantor, and, through the mistake or inadvertence of the grantee, was unknown to him when the deed was delivered. The court found that this provision was inserted in the deed "in accordance with the agreement between the parties, and that the defendant Leland was not guilty of any fraudulent conduct or actions in causing the deed to be drawn in the manner in which it was drawn and recorded, or inducing the said grantee to accept the said deed." This, on its face, is a full finding on the merits against the plaintiff, and is abundantly

[1] Reported in 66 N. W. 202.

supported by the evidence.    The circumstantial evidence as to the business relations of the parties, and their relations to the property, is strongly corroborative of defendants' contention, because tending to show the reasonableness and probability, under the circumstances, that plaintiff would and did assume the payment of the mortgage as one of the conditions of the transfer of the property to him. In view of the rule requiring clear and satisfactory evidence to entitle a party to a reformation of a deed, it is at least doubtful whether the evidence would have justified any other finding than the one made.

Plaintiff, however, contends that it is apparent, especially from the memorandum of the judge, that he did not predicate his finding upon the evidence as to the actual agreement between the parties, but upon the mistaken idea of the law that, because the plaintiff was negligent in not examining the deed when it was delivered, he is conclusively presumed to have accepted it in the terms in which it was drawn, although not in accordance with the prior agreement of the parties.    We do not wish to be understood as holding that resort can be had to the judge's memorandum for the purpose of impeaching his findings of fact.    But, assuming that this may be done, the memorandum will not bear the construction placed upon it by counsel.    The judge commences by saying that "the evidence in this case shows that Hall assumed and agreed to pay the debt represented by the $5,000 note.    This finding alone disposes of the case."    This cannot be reasonably construed otherwise than that the evidence showed that the actual agreement between the parties was that Hall assumed and agreed to pay the mortgage. What follows, although possibly indicating a somewhat inaccurate view of the law, was evidently intended merely as an additional reason why the plaintiff was not entitled to a reformation of the deed.

2. The answer of the defendant, after denying, specifically, all the allegations of fraud or mistake contained in the complaint, alleges "that, by said agreement, plaintiff assumed and agreed to pay one-half of said indebtedness."    It is urged that this is an admission that the deed was not in accordance with the agreement, in so far as it assumed to provide that plaintiff should assume and pay more than one-half of the mortgage.    The evidence discloses the fact that

defendant had conveyed to plaintiff the other undivided half of the property by a prior deed, which was made subject to this mortgage; also, that when plaintiff and defendant dissolved partnership, and defendant transferred his interest in the partnership business to the plaintiff, the latter had assumed and agreed (at least conditionally) to pay half of this mortgage indebtedness, which was, in fact, a partnership debt, although contracted by the defendant in his individual name. The allegation of the answer referred to was, presumably, made in view of this fact, and is not at all inconsistent with the fact that the deed was drawn in accordance with the actual agreement of the parties; and the trial seems to have been conducted throughout on that theory.

3. The only remaining question is as to the admission of a deposition of a witness within the state, taken pursuant to G. S. 1894, § 5688. The original act (Laws 1873, c. 61) was entitled "An act to provide a more efficient method for the taking of depositions of persons without the state." Section 1 of this act [2] was incorporated into G. S. 1878 as section 36 of chapter 73. This section was amended by Laws 1885, c. 53, entitled "An act to amend section 36 of chapter 73 of the General Statutes of 1878 relating to the testimony of witnesses," so as to read, "Any person within or without this state." This last act is claimed to be repugnant to section 27 of article 4 of the constitution, because the subject is not expressed in the title.

It was held, in Carner v. Chicago, St. P., M. & O. R. Co., 43 Minn. 375, 45 N. W. 713, that the act was not subject to this objection. The question was disposed of rather summarily, but we think it was rightly decided. If the reference in the amendatory act of 1885 had been directly to the original act of 1873 there would have been much more force to plaintiff's contention. But, while the General Statutes of 1878 are a mere compilation, yet by the mass of people, as well as the legislature, they have been generally looked upon and treated as original enactments. Our Session Laws are full of amendatory statutes whose titles refer to them, and never once allude to the original acts. Public policy and necessity, if nothing else, require us to hold that the title to an act purporting to amend any part of such a compilation is sufficient, or it would be

[2] As amended by Laws 1876, c. 68, § 1.

so if, instead of being a compilation, it was original legislation. Any other rule would result in most disastrous consequences. As a matter of fact a reference to the General Statutes better subserves the purposes of the constitutional provision than would a reference to the original Session Laws.

Judgment affirmed.