RANSOM J. POWELL v. HENRY R. KING.

November 15, 1899.

Nos. 11,919—(199).

### Re-enactment of Statute—Intermediate Amendment—Redemption from Tax Sale.

The rule that a later law which is merely a re-enactment of a former does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first, applied to Laws 1899, c. 35; and *held*, that this enactment did not affect or repeal the proviso found in G. S. 1894, § 1654, which requires that notice to redeem must be given or served, where lands forfeited to the state at tax sales have been deeded, before the purchaser from the state acquires absolute title.

Agreed case submitted to the district court for Hennepin county in accordance with the provisions of G. S. 1894, §§ 6083, 6084. The court, McGee, J., found that defendant was owner in fee of the land

in controversy; and from a judgment entered pursuant to the findings, plaintiff appealed.    Affirmed.

*Ransom J. Powell*, pro se.

*Geo. K. Belden*, for respondent.

COLLINS, J.

Defendant has the patent title to the tract of land in controversy, while plaintiff asserts ownership thereunto by virtue of a tax deed issued to him in August, 1899, in accordance with the provisions of G. S. 1894, §§ 1616, 1617, as the last-mentioned section was amended by Laws 1899, c. 35.    The single question argued is whether such a deed conveys an estate in fee simple of the land therein described, without any other act or proceeding whatsoever, or is it still necessary that the notice to redeem provided for in G. S. 1894, § 1654, be served or given.

It is the contention of plaintiff's counsel that the law of 1899, which was a re-enactment of said section 1617, with an unimportant change as to the disposition of the proceeds of a sale by the state for less than the amount due as taxes, operated to repeal that part of section 1654 which requires the giving or serving of notice to redeem in all cases arising under the provisions of sections 1616, 1617.    Prior to 1889 the requirement as to notice to redeem, now the proviso found in section 1654, was no part of our statute, and notice was unnecessary.    State v. Smith, 36 Minn. 456, 32 N. W. 174.    This provision was enacted by Laws 1889, c. 198.    It was nothing but a limitation or qualification upon the previously existing law.    It modified the latter.    State v. Bigelow, 52 Minn. 307, 54 N. W. 95. Laws 1899, c. 35, being simply a re-enactment of section 1617, we apply the sound and settled rule that a later law which is merely a re-enactment of a former does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first.    Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614.

If this were not the rule, the door would be opened for the repeal by implication of many of our most salutary statutes.    What evils. might be unadvisedly and unconsciously wrought in that direction.

is well illustrated in this case. We have heretofore mentioned that counsel have presented but one question. The power of a legislature to affect the rights of persons whose lands have already been forfeited to the state, and who are entitled to the statutory notice, by the repeal, direct or otherwise, of the proviso in section 1654, has not been considered.

Judgment affirmed.