## ANDY NELSON v. COUNTY OF ITASCA.[1]

December 31, 1915.

Nos. 19,517—(184).

**County commissioners — salary and expenses.**

> Section 685, G. S. 1913, does not modify the express provisions of section 684, G. S. 1913, insofar as the latter section fixes the compensation of county commissioners in counties having an assessed valuation of more than twenty million but not exceeding one hundred million dollars, limiting such compensation to $800 yearly salary and the actual and necessary traveling expenses not exceeding, during the year, the sum of $1,200 for all the members of the board.

From orders of the board of county commissioners of Itasca county auditing and allowing two claims of Andy Nelson against defendant county, the county appealed to the district court for that county. From an order, Stanton, J., sustaining the demurrer of the defendant to the complaint of Andy Nelson, he appealed. Affirmed.

*R. A. McOuat,* for appellant.

*Ralph A. Stone,* County Attorney, and *Philip M. Stone,* for respondent.

HOLT, J.

The assessed valuation of Itasca county, in this state, is more than twenty million but does not exceed one hundred million dollars, and its

1 Reported in 155 N. W. 752.

population is less than seventy-five thousand. Plaintiff, being one of its county commissioners, brought this suit to recover *per diem* and mileage while acting on a committee under direction of the board during January, 1915, the claim being that he is entitled thereto under section 685, G. S. 1913. The court, in sustaining a demurrer to the complaint, took the view that plaintiff was limited to the salary and compensation fixed by section 684, G. S. 1913.

Both sections were amended by the legislature of 1913. Chapter 308, p. 441, Laws 1913 (being section 684, G. S. 1913), approved April 16, 1913, re-enacted the 'then existing salary statute for county commissioners, wherein counties are classified upon the basis of assessed valuation into five classes, and the salary of the commissioners for the counties of each class is fixed. The only change wrought by said chapter 308 was the addition of the words we have inclosed in brackets in that part of the act relating to the class within which falls Itasca county, so that it now reads: "In counties whose assessed valuation is more than twenty million dollars ($20,000,000) and does not exceed one hundred million dollars ($100,000,000), the sum of eight hundred dollars ($800) [which amount shall be paid in lieu of all other charges or allowances, except that such commissioners may be allowed and paid in addition thereto their actual and necessary traveling expenses incurred and paid by them in the discharge of their official duties, provided, however, that the total aggregate amount of the traveling expenses of all the county commissioners of any such county which may be so allowed and paid shall not exceed the sum of twelve hundred dollars ($1,200) in any one year.]"

Chapter 456, p. 666, Laws 1913 (being section 685, G. S. 1913), approved April 23, 1913, amended the prior Laws of 1907 and 1911 upon the subject so as to read as follows: "Section 1. The several members of the county boards of this state in counties containing less than seventy-five thousand inhabitants shall receive three dollars per day for each and every day necessarily occupied in the discharge of their official duties while acting on any committee under the direction of the board, and ten cents per mile each way for every mile necessarily traveled in attending such committee work, and shall also be entitled to mileage of ten cents per mile each way for every mile necessarily traveled for at-

tending meetings of the board, not to exceed twelve meetings in any one year; and in addition, the chairman of the county board shall receive ten cents per mile each way for going to the county seat to sign warrants during recess of the county board. Section 2. This act shall take effect and be in force from and after its passage."

This amendment of 1913 merely added to the existing law upon the matter the provision that the chairman of the county board was to receive, in addition to the salary fixed by law, ten cents per mile each way for going to the county seat to sign warrants during recess of the board.

Previous to the 1913 amendment, we notice that the statute (chapter 374, p. 523, Laws 1911), fixing the salaries of county commissioners, made five classes into which the different counties might be placed, the particular class to be fixed by the amount of the assessed valuation of each county. In the first four classes the annual salary specified for a county commissioner was "in full for all his services." In the last class, where the salary was fixed at $1,200, this significant sentence was added: "And said one thousand two hundred dollars shall be in full for all services upon the county and other boards and committees, and all traveling and other expenses within the county." The day before the law upon the subject was amended and approved so as to provide as just stated (chapter 374, Laws 1911), an amendment to the law covered by the present section 685, G. S. 1913, was approved (chapter 283, p. 396, Laws 1911). Neither law contained any repealing clause. No doubt, both laws were to be given effect and harmonized. The result clearly was that the *per diem* and mileage for a county commissioner, when acting on a committee under the direction of the board, applied to all county commissioners in counties of less than 75,000 inhabitants, unless the assessed valuation exceeded ·one hundred million dollars, in which case alone by express provision no *per diem* or mileage could be allowed. By the amendment of 1913 (chapter 308) the fourth class, the one wherein the salary of a county commissioner was fixed at $800 per annum in counties having an assessed valuation of more than twenty million and not to exceed one hundred million dollars, was also taken out of the *per diem* and mileage class, but in lieu thereof it was provided that the actual and necessary traveling expenses incurred, not exceeding the sum of $1,200 per year for all the members of the board,

should be allowed.  We do not believe the legislature intended to affect, modify or in any manner repeal this provision, being the only change made in the schedule of county commissioners' compensation in chapter 308, p. 441, Laws 1913, by the passage, a few days thereafter, of chapter 456, above set out.  The evident purpose of the legislature was to grant mileage at ten cents per mile and *per diem* to a commissioner when acting on committees in the counties only where the prescribed salary is $250 or less.  When the salary is the comparatively large sum of $800 no *per diem* is to be paid nor mileage, but instead the actual and necessary traveling expenses.

It is urged that the repealing clause contained in said chapter 308 swept the previous Law of 1911 (chapter 283, p. 396, Laws 1911) from the statutes, and for that reason chapter 456, p. 666, Laws 1913, was enacted, and that it modifies chapter 308, being enacted subsequent thereto. We think there is no occasion to so conclude.  Chapter 283, Laws 1911, was not inconsistent with any provision in chapter 308, Laws 1913, except as to two of the five classes; and clearly as to one of the two chapter 283, Laws 1911, did not apply.  We think chapter 308, p. 441, Laws 1913, limited and qualified chapter 283, p. 396, Laws 1911, but did not repeal it.  Nor did the enactment of chapter 456, p. 666, Laws 1913, being an amendment of chapter 283, Laws 1911, affect the intermediate act, chapter 308, Laws 1913.  With reference to the compensation of county commissioners there has, for some years, been enacted statutes of two sorts; the one dealing with salary, strictly speaking, with some modification as to extras, and the other dealing entirely with extras such as mileage and *per diem* when acting upon a committee under the direction of the board.  With reference to these somewhat divergent statutes, which have been from time to time re-enacted with amendments and modifications, two settled rules of construction apply, viz: "Provisions of an old law, by being embodied in a new one, are not to be deemed repealed and re-enacted, but to have been the law all the time."  "A later law, which is merely a re-enactment of a former, does not repeal an intermediate act which qualifies or limits the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first."  Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614; Powell v. King, 78 Minn. 83, 80 N. W. 850.

131 M.—31.

Under these rules we believe the court below properly gave full force and effect to section 684, G. S. 1913, and that the plain language of the law with reference to the compensation of county commissioners of the fourth class permits only the specified salary of $800 per annum, and the actual and necessary traveling expenses, limited as therein prescribed.

Affirmed.