WALLACE *v.* McCARTNEY.

Opinion delivered June 25, 1923.

1. STATUTES—CONSTRUCTION OF AMENDATORY ACT.—The general
   rule that an amendatory act containing the words that an
   existing statute "be amended to read as follows" excludes all
   omitted portions of the former law will not be followed when
   to do so would defeat the manifest purpose of the Legislature,
   made apparent by the statute when considered in its entirety.

2. DRAINS—AUTHORITY OF COMMISSIONERS TO EMPLOY ENGINEERS.—
   Under Crawford & Moses' Dig., § 3607 *et seq.*, as amended
   by Acts 1921, p. 388, *held* that the commissioners of a drain-
   age district organized under the alternative system have au-
   thority to employ and pay engineers.

Appeal from Jackson Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Stayton & Stayton,* for appellant.

There is no authority for the commissioners of drainage districts organized under the alternative system to employ and pay engineers. Sec. 3610, C. & M. Digest, authorizing such employment, was amended by section of act 353 of Acts of 1921, and that part of the section authorizing such employment was omitted from this amended act and is not in force. Sec. 23, art. 5, Constitution of Arkansas, 1874; 109 Ark. 556; 55 Ark. 391; 89 Ark. 609; 91 Ark. 243; 100 Ark.175. Its omission shows intent on part of Legislature to divest commissioners of such authority, and this case does not come within rule announced in 109 Ark. 556. Said act 353 of 1921 repealed by implication all other provisions of the drainage law referring to employment of engineers. 64 Ark. 83; 59 Ark. 54; 47 Ark. 476; 64 Ark. 467; 49 Ark. 131; 51 Ark. 177.

*Boyce & Mack,* for appellees.

The clause of § 3610, C. & M. Digest, authorizing the employment of engineers, was not repealed by § 2, act 353, of Acts 1921. 109 Ark. 556. Analysis of act shows conclusively no intention to repeal last two paragraphs of § 3610. Even if repealed, the commissioners still have

anthority of law to employ engineers. 115 Ark. 194; 79 Ark. 229; 109 Ark. 90; 125 Ark. 57.

SMITH, J. The question for decision in this case is whether there is authority under the statute for the commissioners of drainage districts organized under the alternative system, sometimes called the Turner Act, to employ and pay engineers. The act referred to was approved April 28, 1911, and is found beginning at page 193 of the Acts of 1911, and, as amended from time to time, appears as §§ 3607 *et seq.*, C. & M. Digest.

At the 1921 session of the General Assembly, act 353 was passed, the same being "An Act to amend §§ 3607 and 3610 of Crawford & Moses' Digest of the statutes of the State of Arkansas" (Acts 1921, page 388).

The change made in § 3607 was to provide that, where the lands of a drainage district were situated in more than one county, the district should be organized in the county where the largest portion of the lands was situated, whereas, under the statute before it was amended, the district could be organized by the circuit court of any county in the district.

Section 3610, C. & M. Digest, consists of three paragraphs, the three, together, covering more than a page of the Digest. The first paragraph deals with the appointment and removal of commissioners; and by the last sentence of that paragraph the court is authorized to remove any member of the board on the petition of a majority of the owners of land within the district, who shall also own a majority of the acreage therein.

Section 2 of act 353 purports to amend § 3610, C. & M. Digest, and does so by providing that the court may remove commissioners on the petition of a majority in value of the owners of real property in the district; whereas the statute, before it was amended, required that the petition should contain a majority of the owners of the land, who should also own a majority of the acreage. Section 2 of act 353 reads as follows:

"Section 2. That § 3610 of Crawford & Moses' Digest be amended to read as follows" and the first paragraph of § 3610 is then reenacted with the change shown above.

The second and third paragraphs of § 3610 were not reenacted by the amendatory act, and the insistence is that the failure to set out the second and third paragraphs of § 3610 in the amendatory act operates to repeal those paragraphs. If this contention is correct, then the express authority to employ engineers is repealed, for that authority appears in the second paragraph. The court held against this contention, and the landowner who raised the point has appealed.

The insistence that the second and third paragraphs of § 3610 have been repealed is based upon the decisions of this and other courts, in which it was held that, when an act amends a former statute "so as to read as follows" it operates as a repeal, by implication, of inconsistent provisions in the former statute and all provisions omitted in the amended law.

The question raised is not a new one; indeed, the exact question was decided in the case of *State* v. *Trulock,* 109 Ark. 556. In that case an act of 1913 amended § 5667, Kirby's Digest, it being provided by the amendatory act that § 5667, Kirby's Digest, "be amended to read as follows: * * * " The statute amended provided for the appointment of commissioners, whereas the amendatory act omitted any reference to the appointment of commissioners, and the argument was made that the power of appointment had ceased to exist.

The opinion in that case contains an extensive review of the authorities, and no useful purpose would be served by again reviewing them. We recognized the rule of construction that an amendatory statute containing the words that an existing law "be amended to read as follows" ordinarily carried the meaning, when not otherwise limited, that the amendatory statute ex-

cluded all omitted provisions of the former law; but we held that this was a mere rule of construction, and would not be followed when to do so would defeat the manifest purpose of the Legislature, made apparent by the statute when considered in its entirety.

That rule is applicable here. One cannot read the drainage act in its entirety and conclude that there was a legislative purpose of withdrawing the authority from the commissioners to employ engineers contained in the second paragraph of § 3610. Other portions of the drainage statute refer to work which would necessarily be done by an engineer. Indeed, this is true of the amendatory act itself, for, by § 3607, as thus amended, it is provided that the property owners petitioning for the organization of the district shall file a bond to pay for the expenses of a survey of the proposed district, in case the district is not formed, and that the court shall enter upon its records an order appointing an engineer to be selected by the petitioners, provided the person selected is satisfactory to the court, and that the engineer shall give bond, etc. It is there further provided, in the said amended § 3607, that the engineer shall make a survey and a report, and provision is made for the payment of that expense. This, however, is all of a preliminary character, and the second paragraph of § 3610 provides for the employment of an engineer to do the actual construction work.

The third paragraph of § 3610 contains provisions for the use of permanent plans of a drainage district, prepared pursuant to the authority of the second paragraph of that section, in the event the improvement is, for any cause, abandoned but later taken over by another district, and for the payment of the value of those plans, in that event; and if this third paragraph is held to be repealed, there is nothing in the amended act to take the place of the provisions there contained.

There is nothing in the act to indicate a legislative purpose of depriving the commissioners of the services

of an engineer in the construction of a proposed improvement, except the failure to set out in the amended act this second paragraph of section 3610.

In the case of *State* v. *Trulock, supra,* we said that it was obvious, from a consideration of the whole of the amendatory statute, that the Legislature did not intend to amend the whole of the section named, but had left unimpaired that part of it which covered a subject not treated in the new statute, namely, the third and last clause of the section, which related to the appointment of the commissioners and prescribed their qualifications. And we think it equally obvious here that the Legislature intended to amend only the first paragraph of § 3610 and to leave unchanged the second and third paragraphs thereof.

The judgment of the court below accorded with this view, and it is therefore affirmed.