## STATE v. R. W. HELMER.[1]

November 26, 1926.

No. 25,513.

**Amendment to fraudulent-removal-of-mortgaged-property statute not unconstitutional.**

1. Amending the statute which made the fraudulent removal, concealment or sale of mortgaged personal property a criminal offense, by bringing within its operation personal property the title to which is held as security under a contract of conditional sale does not offend the constitutional provision that no law shall embrace more than one subject which shall be expressed in its title.

**Purpose of article 4 section 27 of state Constitution.**

2. The purpose of the constitutional restriction is to prevent deception as to the nature of an act by the title given it, and to prevent including wholly unrelated matters in a single act for the purpose of securing sufficient support to pass it.

**Title of act sufficient which designates by number sections of General Statutes amended.**

3. The subject of an act amending the General Statutes is sufficiently expressed by a title which designates by number the sections amended.

Intoxicating Liquor, 33 C. J. p. 758 n. 80.
Statutes, 36 Cyc. p. 1018 n. 80; p. 1022 n. 99; p. 1025 n. 8; p. 1030 n. 30.

Defendant appealed from an order of the district court for Hennepin county, Reed, J., overruling his demurrer to an information charging him with removing and concealing mortgaged property, and the question raised by the demurrer was certified. Remanded.

*Selover, Schultz & Mansfield,* for appellant.

*Clifford L. Hilton,* Attorney General, *Charles E. Phillips,* Assistant Attorney General, and *Floyd B. Olson,* County Attorney, for the state.

[1]Reported in 211 N. W. 3.

TAYLOR, C.

The county attorney of Hennepin county filed an information charging that defendant had wilfully and unlawfully removed and concealed a certain automobile which was subject to a contract of conditional sale whereby the title thereto was held by the Otas Finance Company as security for a debt. Defendant demurred to the information and contended that the statute under which the prosecution was brought contravenes section 27 of article 4 of the Constitution which reads:

"No law shall embrace more than one subject which shall be expressed in its title."

The trial court overruled the demurrer, and then at defendant's instance certified the question to this court.

Section 5109 of the Revised Laws of 1905 became section 8907 of the General Statutes of 1913, and as amended by chapter 90, p. 110, of the Laws of 1917 became section 10395 of the General Statutes of 1923. The prosecution is brought under this section as it appears in the General Statutes of 1923. Prior to the amendment of 1917 the section made removing or concealing "mortgaged personal property" with intent to place it beyond the reach of the mortgagee, or selling it without the written consent of the mortgagee, a criminal offense. Chapter 90, p. 110, of the Laws of 1917, entitled

"An act to amend section 8907 of the General Statutes of Minnesota for the year 1913, relating to the selling or concealing of mortgaged personal property,"

amended that section by adding at the end thereof a paragraph which in effect declares that contracts of conditional sale in which the title to the property is retained or held as security for a debt shall be deemed chattel mortgages within the meaning of the act, and that the property covered thereby shall be deemed "mortgaged personal property" within the meaning of the act and be subject to all the provisions of the act.

It has been pointed out repeatedly that the purpose of the constitutional provision quoted is twofold: To prevent misleading or

deceiving the public and the legislature as to the nature of an act by the title given it, and to prevent including wholly dissimilar and unrelated subjects in a single act for the purpose of inducing those interested in the different particular subjects to unite in passing the act in order to accomplish their particular purpose regardless of their views concerning the merits of the other measures included therewith. See cases cited in Dun. Dig. and Supps. §§ 8906, 8907, 8908, 8910. This provision is always liberally construed to avoid unduly hampering legislative action; and doubts concerning the sufficiency of the title of an act are resolved in favor of its sufficiency. Dun. Dig. and Supps. § 8907.

The subject of an act amending the General Statutes is sufficiently expressed by a title which designates by number the section or sections of the statutes amended. State ex rel. Olson v. Erickson, 125 Minn. 238, 146 N. W. 364, where this question was carefully and fully considered; also Hall v. Leland, 64 Minn. 71, 66 N. W. 202; and Balch v. St. Anthony Park West, 129 Minn. 305, 152 N. W. 643. The title of chapter 90, [p. 110] of the Laws of 1917 sufficiently expressed the purpose of that act.

In its original form the section amended applied only to "mortgaged personal property;" and defendant contends that the amendatory act, in declaring that the term "chattel mortgage" shall include contracts of conditional sale in which the title to the property is retained as security, and that the expression "mortgaged personal property" shall include property covered by such contracts, transgressed the constitutional restriction by extending the statute to include a subject matter foreign to the subject matter of the original statute. We are not of that opinion.

In the frequently cited case of State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765, the court said:

"It matters not that the act embraces technically more than one subject, one of which only is expressed in the title * * * so that they are not foreign and extraneous to each other, but 'blend' together in the common purpose evidently sought to be accomplished by the law. Neither is it important that all the various objects of

an act be expressly stated in its title, nor that the act itself indicate objects other than that so mentioned, provided they are not at variance with the one so expressed, but are consonant therewith."

In Gillitt v. McCarthy, 34 Minn. 318, 25 N. W. 637, it is said:

"The insertion in a law of matters which may not be verbally indicated by its title, if suggested by it, or connected with or proper to the more full accomplishment of the object so indicated, is held to be in accordance with its spirit."

In Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 Am. St. 382, it is said:

"The term 'subject,' as used in the constitution, is to be given a broad and extended meaning, so as to allow the legislature full scope to include in one act all matters having a logical or natural connection. To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any legitimate connection with or relation to each other. All that is necessary is that the act should embrace some one general subject; and by this is meant, merely, that all matters treated should fall under some one general idea, be so connected with or related to each other, either logically or in popular understanding, as to be parts of, or germane to, one general subject."

Among the other cases applying the same rule are: State v. Bigelow, 52 Minn. 307, 54 N. W. 95; State ex rel. v. Board of Co. Commrs. 83 Minn. 65, 85 N. W. 830; Merchants Nat. Bank v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703; State v. Sharp, 121 Minn. 381, 141 N. W. 526; State v. People's Ice Co. 124 Minn. 307, 144 N. W. 962; State v. Brooks-Scanlon Lbr. Co. 128 Minn. 300, 150 N. W. 912; State v. McGraw, 163 Minn. 154, 203 N. W. 771.

The general subject with which the statute in question deals is the matter of preventing the fraudulent removal, concealment or sale of personal property, the title to which is held by a creditor as security for a debt. In the ordinary chattel mortgage the title to the property is conveyed to the mortgagee as security for a debt.

In the ordinary contract of conditional sale, the title to the property is retained by the seller as security for the purchase price. Under both the creditor holds the title to the property as security for the payment of his claim. In a broad sense a mortgage relation exists in both cases. Whether the creditor holds the title under what is technically termed a chattel mortgage or under what is technically termed a contract of conditional sale, the rights to be protected and the wrongs to be guarded against are so obviously similar, if not precisely the same, that the propriety of including in a single statute legislation to prevent the fraudulent disposition of property held under either is beyond question. The original statute brought within its operation only property, the title to which was held as security for a debt under a chattel mortgage. It could have brought within its operation any and all personal property which was held as security under any sort of an instrument without transgressing the constitutional restriction. As originally enacted it covered only a part of the field, and the amendment merely extended it to cover an omitted part of the same field. The new matter was not foreign to the original act but clearly germane to it.

To the question submitted we answer that the statute is not repugnant to the Constitution and is valid as it stands. The case is remanded for further proceedings in the trial court.