EMIL GERDTS v. ELSIE GERDTS.[1]

March 13, 1936.

No. 30,711.

*Gallagher, Madden & Gallagher* and *Meighen, Knudson & Sturtz,* for appellant.

*Moonan & Moonan,* for respondent.

HOLT, JUSTICE.

Defendant appeals from the judgment granting an absolute divorce to plaintiff. The four assignments of error are all directed against the conclusion of law. The findings of fact are not chal-

[1]Reported in 265 N. W. 811.

lenged. The parties were married January 6, 1906, in this state and have since continuously resided therein. Plaintiff was 54 and defendant 45 years of age when this action was begun. They have five children living, all now of age. One of plaintiff's grounds for absolute divorce was that continuously for more than five years since February 16, 1929, when a decree of separation, or limited divorce, was rendered at the suit of this defendant, the parties have lived separate and apart under that decree. The fact that the decree of separation was rendered February 16, 1929, and that continuously since its rendition for more than five years and up to the commencement of this action the parties hereto have been living separate and apart was admitted by the answer and conclusively proved at the trial. The only question presented is whether plaintiff on the facts stated was entitled to an absolute divorce.

Courts may not sever the bonds of matrimony except upon such grounds as the legislature has by statute ordained. Up to the enactment of L. 1933, c. 262, only seven grounds for absolute divorce existed. 2 Mason Minn. St. 1927, § 8585. By the chapter mentioned the fourth ground was amended so as to read:

"4. Sentence to imprisonment in any state or United States prison or any state or United States reformatory subsequent to the marriage; and in such a case a pardon shall not restore the conjugal rights."—

the change being merely the insertion of the words "United States prison" and "United States reformatory," and then the addition to § 8585 of this ground for absolute divorce:

"8. Continuous separation under a decree of limited divorce for more than five years next preceding the commencement of the action."

This act, L. 1933, c. 262, was approved April 15, 1933. Five days later L. 1933, c. 324, was approved. This latter act by § 1 thereof provided "That Mason's Minnesota Statutes of 1927, Section 8585, be amended so as to read as follows:" Then § 8585 followed in the precise language of the section as found in 2 Mason Minn. St. 1927,

before the enactment of L. 1933, c. 262, except that the word "five" replaced the word "ten" in the seventh ground for divorce (incurable insanity). The change wrought in the fourth ground and the additional eighth ground added by said c. 262 were entirely omitted. In 1935 the legislature by c. 295, approved April 25, 1935, amended § 8585, as amended by L. 1933, c. 324, so as to read exactly as amended by L. 1933, cc. 262 and 324, and expressly repealed c. 262 thereof. It is difficult to see any useful purpose in the repeal, because as § 8585 was then left it embodied both c. 262 and c. 324, and if the one needed to be repealed so did the other.

Defendant invokes this rule: "When an act is passed providing that a prior statute shall be amended 'so as to read as follows' it is elementary that the statute as amended is a substitute for the original, and repeals those parts of the former law which are left out of the substitute." Shadewald v. Phillips, 72 Minn. 520, 521, 75 N. W. 717, 718. But this is not the only rule to be kept in mind. The intention of the legislature is also to be ascertained. State ex rel. Maryland Cas. Co. v. District Court, 134 Minn. 131, 158 N. W. 798; State ex rel. Donovan v. Duluth St. Ry. Co. 150 Minn. 364, 185 N. W. 388. Chapters 262 and 324 were enacted by the same legislature, and it is unreasonable to suppose an intention to repeal by c. 324 the change wrought by c. 262 in § 8585 of the Code. In Powell v. King, 78 Minn. 83, 84, 80 N. W. 850, it was said "that a later law which is merely a reënactment of a former does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first. Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614." In Bank of Metropolis v. Faber, 150 N. Y. 200, 207, 44 N. E. 779, 781, the court said of the amendment of an act so as to read as follows:

"Acts passed at the same legislative session and by the same body of legislators, on the same subject, should certainly be considered when it becomes important to ascertain the intention of an amendment or an express repeal. * * * It is scarcely possible to conceive that the legislature actually intended by the amendment to displace section 30 of the original law from its place as part of the

revised system of statute law and to substitute the amendment in its place. That conclusion must be reached, if at all, not from the circumstances or inherent probabilities of the case, but by the application of some arbitrary rule as to the legal effect of amendments in that form."

See also Wallace v. McCartney, 159 Ark. 617, 252 S. W. 600; Commonwealth ex rel. Matthews v. Lomas, 302 Pa. 97, 153 A. 124, 74 A. L. R. 481; State ex rel. Bd. of Regents v. Donald, 163 Wis. 145, 157 N. W. 782.

If the history of these chapters is considered, there can be no reasonable doubt that c. 324 was not intended to repeal c. 262. The senate and house journals for the 1933 legislative session show that c. 324, as senate file No. 174, had its first reading in the senate January 16 and was adopted by that body March 7, concurred in by the house on April 17, and on the same date returned to the senate with notice of the action of the house; that c. 262, as house file No. 1143, had its first reading in the house February 23, was passed by that body March 31, and concurred in by the senate after some amendment April 7 and finally passed by the house April 8. It therefore appears that c. 324 was introduced in the legislature of 1933 more than a month prior to the introduction of c. 262. When c. 324 first appeared as a bill the only change in § 8585 desired thereby was to substitute the word "five" for the word "ten" in the seventh ground for divorce of § 8585, and that was all that was accomplished. Chapter 262, later conceived and introduced, had for its purpose the amendment of the fourth ground for divorce in § 8585 and the addition of a new ground,—8. Both chapters came up in the respective houses of origin for final action only a few days apart. In that situation it is impossible to reach the conclusion that the legislature intended by c. 324 to repeal c. 262. Because the governor happened to approve c. 324 five days after he approved c. 262 cannot work a repeal of the latter. It is perfectly apparent that the legislature by the two acts intended to make a change in § 8585 of the Code prescribing the grounds for which the courts may grant absolute divorce, c. 324 to make a change in the

seventh ground—incurable insanity—and c. 262 to make a change in the fourth ground and to add an eighth ground. Had the change in the incurable insanity ground been framed as were the changes sought by c. 262, this appeal would not have been taken, nor would there have been any excuse for the legislature of 1935 enacting c. 295 at that session.

Defendant claims that the eighth cause for absolute divorce enacted by L. 1933, c. 262, is not retroactive and hence does not apply to husband and wife living apart under a decree of limited divorce entered prior to the time c. 262 was approved. Long v. Long, 135 Minn. 259, 261, 160 N. W. 687, L. R. A. 1917C, 159, appears to refute the claim, wherein it was said of § 8585, as it then read:

"In fact, it will be noticed that in our present statutes no one of the causes for divorce is couched in language expressive of a limitation to a *delictum* occurring after the passage of the law."

The same holds true of the language adding a cause for absolute divorce to § 8585 of the Code by L. 1933, c. 262. The following late decisions on the same or related causes for absolute divorce sustain the position we take that the law is retrospective as well as prospective in its effect. Some of these cases also meet the point made in defendant's reply brief that the spouse whose fault caused the decree of limited divorce cannot maintain an action for absolute divorce on the ground that the parties have lived separate and apart for more than five years under a decree of limited divorce. Schuster v. Schuster, 42 Ariz. 190, 23 P. (2d) 559; North v. North, 164 La. 293, 113 So. 852; Stallings v. Stallings, 177 La. 488, 148 So. 687; George v. George, 56 Nev. 12, 41 P. (2d) 1059, 97 A. L. R. 983; Long v. Long, 206 N. C. 706, 175 S. E. 85; McKenna v. McKenna, 53 R. I. 373, 166 A. 822. The new ground for absolute divorce reads:

"Continuous separation under a decree of limited divorce for more than five years next preceding the commencement of the action."

Chapter 262 went into effect immediately upon being approved. An action thereunder could have been commenced the next day if there had been continued separation of the parties thereto under a decree

of limited divorce for more than five years. Nothing is said as to the cause of the decree of separation. Such a decree can only be rendered at the instance of the wife. It does not determine that the husband had no cause of action for absolute divorce against the wife. Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412. Moreover, we do not think the legislature could have had any intention to make any distinction between husband and wife living separate under the compulsion of a court decree, insofar as seeking an absolute divorce, if a cause arises therefor. If the one starts it under the statute here involved, the other may counterclaim under the same statute, and then perhaps the court could consider whether the divorce should be granted at the suit of the one least to blame for the wreck of their marriage, as was done in McKenna v. McKenna, 53 R. I. 373, 166 A. 822. Defendant quotes from Weld v. Weld, 27 Minn. 330, 331, 7 N. W. 267:

"A separation which is sanctioned and authorized by the decree or judgment of a court of competent jurisdiction is neither wrongful nor unlawful, and cannot be made a ground for divorce as against the party rightfully acting under it."

That is a true statement so long as the legislature had not given a cause of absolute divorce for continuous separation for five years under such decree of limited divorce. But in Kunze v. Kunze, 153 Minn. 5, 189 N. W. 447, 25 A. L. R. 1045, it was held that even though there is a decree of separation the husband may so abandon his obligations thereunder as to give the wife a cause for absolute divorce on the ground of desertion. We have not overlooked Pierce v. Pierce, 120 Wash. 411, 208 P. 49, but cannot follow it to the extent of holding that under § 8585, subd. 8, the fault of either spouse precludes the seeking by that spouse of an absolute divorce. We think either spouse entitled thereto after continuous separation under a decree of limited divorce for five years. We need not consider the claim made by plaintiff that since the judgment appealed from was entered after L. 1935, c. 295, went into effect it should not be reversed, for on a new trial he would be entitled to the same judgment.

Judgment is affirmed.