## STATE EX REL. VILLAGE OF BUHL v. WALTER H. BORGEN.[1]

June 2, 1950.

No. 35,210.

*M. H. Greenberg, Edwin W. Lammi,* and *Fred A. Cina,* for appellant (relator below).

*Thomas J. Naylor, County Attorney,* for respondent.

*William K. Montague,* of *Gillette, Nye, Montague, Sullivan & Atmore,* filed a brief as *amicus curiae* on behalf of the contention of respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the district court of St. Louis county quashing a writ of mandamus.

[1]Reported in 43 N. W. (2d) 95.

The facts are not in dispute. In its 1949 tax levy, the village of Buhl, in St. Louis county, attempted to levy a tax for municipal forest under M. S. A. 459.06 in excess of the per capita tax limitation provided by L. 1941, c. 543, § 1 (M. S. A. 275.11). The auditor of St. Louis county refused to spread the levy upon the ground that it unlawfully exceeded the per capita tax limitation provided by law. An alternative writ of mandamus was issued by the district court of St. Louis county commanding the auditor forthwith to spread the levy or show cause why he had not done so. The auditor appeared in response to the alternative writ of mandamus and moved the court to quash the writ on the ground and for the reason that the facts and allegations contained in the writ did not constitute a cause of action. The court granted the motion and quashed the writ, and this appeal followed.

The only question before us is whether the village of Buhl may levy a tax for municipal forest in excess of the per capita tax limitation provided by law.

The statute authorizing a municipality to levy a tax for municipal forest came into being by virtue of L. 1913, c. 211, § 1 (G. S. 1913, § 1846),[2] which reads:

"Any city, village or town in this state, by resolution of the governing body thereof, may accept donations of land that such governing body may deem to be better adapted for the production of timber and wood than for any other purpose, for a forest, and may manage the same on forestry principles. The donor of not less than one hundred acres of any such land shall be entitled to have the same perpetually bear his or her name. The governing body of any city, village or town in this state, when funds are available or have been levied therefor, may, when authorized by a majority vote by ballot of the voters voting at any general or special city or village election or town meeting where such question is properly submitted, purchase or obtain by condemnation proceedings, and preferably at the sources of streams, any tract of land for a forest

---

[2]This became Minn. St. 1941, § 459.06.

which is better adapted for the production of timber and wood than for any other purpose, and which is conveniently located for the purpose, and manage the same on forestry principles; the selection of such lands and the plan of management thereof shall have the approval of the state forester. Such city, village or town is authorized to levy and collect an annual tax of not exceeding five mills on the dollar of its assessed real estate valuation, *in addition to all other taxes authorized or permitted by law,* to procure and maintain such forests." (Italics supplied.)

In 1921, a per capita limitation on tax levies was enacted (L. 1921, c. 417). So far as here material, it read:

"Section 1. The total amount of taxes levied in the year 1921 and in each year thereafter by or for any city or village *for any and all general and special purposes whatsoever,* exclusive of taxes levied for special assessments for local improvements upon property specially benefitted thereby, shall not exceed one-hundred dollars per capita of the population of such city or village." (Italics supplied.)

This chapter was later amended by L. 1929, c. 206, § 1, and by L. 1941, c. 543, § 1 (M. S. A. 275.11).

It is conceded that after the effective date of L. 1921, c. 417, the per capita limitation governed special as well as general taxes, including that authorized for municipal forest by L. 1913, c. 211.

By L. 1945, c. 347, the legislature amended L. 1913, c. 211 (Minn. St. 1941, § 459.06), by inserting the one word "county," thereby authorizing counties, as well as cities, villages, and towns theretofore mentioned, to acquire such forest. Otherwise the statute, so far as here material, was reënacted exactly as it had originally existed.

It is the contention of relator that when the legislature amended the 1913 act by inserting the word "county" and reënacted the portion of the statute reading, "Such city, village, or town is authorized to levy and collect an annual tax of not exceeding five mills on the dollar of its assessed real estate valuation, in addi-

tion to all other taxes authorized or permitted by law, to procure and maintain such forests," it gave to the village a right to levy a special tax for municipal forest in excess of the per capita limitation then provided by L. 1941, c. 543, § 1 (M. S. A. 275.11).

This construction of the amended statute is untenable. M. S. A. 645.38 provides:

"A law which reenacts the provisions of an earlier law shall not be construed to repeal an intermediate law which modified such earlier law. Such intermediate law shall be construed to remain in force and to modify the reenactment in the same manner as it modified the earlier law."

This statutory provision is merely declaratory of what had been the law in this state from earliest times.

In Gaston v. Merriam, 33 Minn. 271, 283, 22 N. W. 614, 621, we said:

"* * * a later law, which is merely a re-enactment of a former, does not repeal an intermediate act which qualifies or limits the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first."

That holding was followed in Powell v. King, 78 Minn. 83, 80 N. W. 850; Nelson v. County of Itasca, 131 Minn. 478, 155 N. W. 752.

Section 645.31 reads:

"When a section or part of a law is amended, the amendment shall be construed as merging into the original law, becoming a part thereof, and replacing the part amended, and the remainder of the original enactment and the amendment shall be read together and viewed as one act passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their first enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective. When an act has been amended 'so as to read as follows,' or otherwise, a later reference

to that act either by its original title or as it exists in any compilation of the laws of this state includes the act as amended."

Even if these statutes did not require us to hold that the special tax for municipal forest must be included within the per capita tax limitation, the questions raised here have now been answered by L. 1949, c. 119, § 32 (M. S. A. 412.251), which is part of a recodification and revision of our village laws applicable to all villages,[3] which became effective July 1, 1949. So far as pertinent here, that section reads:

"The council shall make its annual tax levy by resolution within the per capita limits established by statute. The amount of taxes levied for general village purposes shall not exceed two per cent of the assessed valuation of the property taxable in the village. In calculating such limit property used for homestead purposes shall be figured as provided in Minnesota Statutes, Section 273.13, Subdivision 7, Paragraph 2. The following taxes may be levied in addition to the two per cent herein authorized;

\* \* \* \* \*

"(7) A tax for the support of a municipal forest, as authorized by Minnesota Statutes, Section 459.06."

Obviously, this statute requires the special tax authorized under paragraph (7) for municipal forest, as well as taxes levied for general purposes and other special taxes mentioned to be within the per capita limitation established by statute. Even if it could be held that this statutory provision did not affect the 1949 levy, it is a clear expression of what the legislative intent was in passing L. 1945, c. 347, and should be given effect.

The decision of the district court is obviously correct and should be affirmed.

Affirmed.

---

[3] M. S. A. 412.901.