Dear Representative Fretwell:
This is in response to your request for an opinion on the following question:
 Can the Board of Regents of Northeast Missouri State University pursuant to Section 174.040, RSMo Supp. 1980, enacted by Senate Bill No. 2 of the Eightieth General Assembly now take, purchase, and hold real estate, and sell and convey or otherwise dispose of the same or is the fee title to real property vested in the governor only to be transferred by an act of the general assembly?
Section 174.040, RSMo Supp. 1980, provides in pertinent part:
 The board of regents for each of the educational institutions referred to in section 174.020 shall be known respectively as "The Board of Regents", and by their respective names they shall have perpetual succession, with power to:
* * *
 (3) Take, purchase, and hold real estate, and sell and convey or otherwise dispose of the same; . . .
The language of all five subsections of Section 174.040, RSMo Supp. 1980, is identical to that which existed prior to the enactment of the Omnibus State Reorganization Act of 1974.
The Omnibus State Reorganization Act, which was enacted in 1973 and became effective May 2, 1974, provides in Section 15.10:
 The fee title to all real property now owned or hereafter acquired by the state of Missouri, or any department, division, commission, board or agency of state government, other than real property owned or possessed by the state highway commission, conservation commission, state park board, and the university of Missouri, shall on the effective date of this act vest in the governor. The governor may not convey or otherwise transfer the title to or other interest in such real property, unless such conveyance or transfer is first authorized by an act of the general assembly. The commissioner of administration shall prepare management plans for such properties in the manner set out in subparagraph 7 above.
We note that Section 15.10 of the Omnibus State Reorganization Act and Section 174.040(3) conflict only with respect to the vesting of title and the conveyance of title. Section 15.10 does not conflict with the authority of the board of regents to take, purchase or occupy such land.
Inasmuch as subsection (3) of Section 174.040, RSMo Supp. 1980, is a verbatim reenactment of the provisions of subsection (3) of Section 174.040, RSMo 1978, it is our view that the legislature did not intend that the provisions of Section 15.10 be impliedly repealed by Section 174.040, RSMo Supp. 1980. In this respect we note that repeals by implication are not favored. A later statute which merely reenacts the provisions of an earlier statute does not repeal or change the effect of an intermediate act which has qualified or limited the earlier statute, but the intermediate act will be deemed to remain in force and to qualify or modify the new act in the same manner as it did the prior statute unless the legislative intent appears to be otherwise. United States v. Brown, 36 F.R.D. 204, 206[1] (D.D.C. 1964), State ex rel. Palmer v. Circuit Court of HendricksCounty, 192 N.E.2d 625, 627 [2, 3] (Ind. 1963), State ex rel. Villageof Buhl v. Borgen, 43 N.W.2d 95, 96 [1] (Minn. 1950), and Klemme v.Drainage Dist. No. 5 of Crete Tp., 43 N.E.2d 966, 968 [1-6] (Ill. 1942).
Moreover, where the General Assembly amends a statute without changing parts of it, the portions repeated, either literally or substantially, are regarded as a continuation of existing law, and not as an enactment of a new law. Jackman v. Century Brick Corporationof America, 412 S.W.2d 111, 115[2] (Mo. 1967), State v. Ward,40 S.W.2d 1074, 1078 [10, 11] (Mo. 1931). See also, Section 1.120, RSMo. Therefore, it is our view that the provisions of Section174.040(3), RSMo Supp. 1980, are merely a continuation of the provisions of Section 174.040(3), RSMo 1978, which were superseded in part by Section 15.10 of the Omnibus State Reorganization Act of 1974. Thus, Section 15.10 governs and title to all such property remains vested in the Governor and may be conveyed only if authorized by an act of the General Assembly.
CONCLUSION
It is the opinion of this office that the provisions of Section 15.10 of the Omnibus State Reorganization Act of 1974 govern with respect to the real property of Northeast Missouri State University notwithstanding the provisions of Section 174.040(3), RSMo Supp. 1980, and that title to such property is vested in the Governor and can only be conveyed pursuant to statutory authorization.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General