## 76-119

The STATE, Respondent, v. James K. WALKER, Appellant.

(237 S. E. (2d) 583)

*Roy T. Stuckey, Vance L. Cowden and John L. Davidson,* of Columbia, *for Appellant. Daniel R. McLeod, Atty. Gen., and Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, *for Respondent.*

December 2, 1976.

*Per Curiam:*

Appellant, represented by retained counsel, was convicted of armed robbery on December 6, 1973, and sentenced to serve a term of eighteen (18) years in prison. Written notice of intention to appeal from his conviction and sentence was never timely filed as required by Code Section 7-405 and, accordingly, no transcript of record was prepared and no direct appeal to this Court has ever been perfected. Subsequently, on February 16, 1976, appellant moved in the lower court for an order vacating his conviction and entering a new judgment of conviction, so that he could now file a timely appeal to this Court. The motion was based upon appellant's allegations that his trial counsel did not advise him of his right to appeal or of the necessary steps to protect that right. The lower court denied the motion upon the ground that it had no jurisdiction to entertain it. We agree and affirm.

The motion of appellant was in no sense an application for post conviction relief as he now contends.

It was solely a motion for "an order . . . vacating his conviction for armed robbery, . . . and entering a new judgment of conviction." The lower court properly held that it had no jurisdiction to vacate the judgment and sentence after the adjournment of the term of court at which the sentence was imposed. *State v. Best,* 257 S. C. 361, 186 S. E. (2d) 272.

Appellant has his remedy through an application for post conviction relief, *White v. State,* 263 S. C. 110, 208 S. E. (2d) 35, which he here seeks to circumvent for apparently no other reason than the entertainment which counsel might derive from needless academic exercise.

The judgment is affirmed under Rule 23 of the Rules of this Court.

GREGORY, J., disqualified.