656 S.E.2d 371

The STATE, Respondent,

v.

Debrezio Mendez CAMPBELL, Appellant.

No. 26413.

Supreme Court of South Carolina.

Heard Dec. 6, 2007.

Decided Jan. 14, 2008.

Appellate Defender M. Celia Robinson, of the South Carolina Commission on Indigent Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General S. Creighton Waters, all of Columbia; and Kevin Scott Brackett, of York, for respondent.

Justice MOORE.

Pursuant to a plea agreement, appellant pled guilty to murder, conspiracy to commit murder, possession of a firearm during the commission of a violent crime, and unlawful carrying of a weapon. He was sentenced to thirty years imprisonment for murder, concurrent sentences of five years on the conspiracy and possession charges, and a concurrent sentence of one year on the carrying charge.

After appellant declined to testify at his co-defendant's trial, the State moved to vacate appellant's sentence based on his failure to honor the plea agreement. The plea judge vacated appellant's sentence and sentenced him to life without parole for murder, and retained the other sentences. We certified this appeal from the Court of Appeals pursuant to Rule 204(b), SCACR.

## FACTS

Appellant was indicted with his brother, Desmond, and Christopher Woody for various charges stemming from the shooting death of the victim. Appellant signed a plea agreement, in which he would receive thirty years in prison in

exchange for his cooperation with police and prosecutors, including giving testimony at Woody's trial.

The plea agreement stated, in pertinent part:

... The Defendant agrees to provide complete and thorough cooperation to the ... solicitor's office and all involved law enforcement agencies, including giving true and honest testimony at any appropriate judicial proceeding. The Defendant further agrees that his written statement dated June 27th, 2004, in which he confessed to the murder ... is true and accurate.

... In the event that the Defendant does not comply with the conditions of this plea agreement, the State shall move to have his negotiated sentence vacated. The Defendant's guilty plea would remain in effect, and he would be subject to the full penalty of each charge in the discretion of the Court....

In March 2005, appellant pled guilty. The State placed the plea on the record and noted the requirement that appellant had agreed to testify and cooperate fully. Appellant informed the plea judge that he understood these requirements. The State noted on the record from the written plea agreement that if appellant withdrew his cooperation, his pleas would remain and there would be a re-sentencing. Appellant stated he agreed with and understood that portion of the agreement. The plea judge then sentenced appellant consistently with the agreement.

Woody's case went to trial in May 2005. A few days before the trial began, appellant changed his story regarding how and why the crime had occurred. The story was inconsistent with the previous statement he gave police. Appellant's attorney stated that he advised appellant that if he did not testify and comply with the plea agreement, he could be re-sentenced. Appellant did not testify in Woody's trial and previous statements made by appellant were not admitted at the trial. At the conclusion of the trial, Woody received a sentence of life imprisonment without parole.

The plea judge presided over appellant's plea and Woody's trial. In August 2005, a hearing was held in front of the plea judge on the State's motion to vacate appellant's sentence due to noncompliance with the plea agreement. Appellant stated

he did not refute the State's position regarding noncompliance; however, he argued the plea judge did not have subject matter jurisdiction to re-sentence him. Appellant contended that, pursuant to Rule 29, SCRCrimP, the State should have filed a formal motion at the time of sentencing or within ten days after the completion of Woody's trial. The State countered that no motion was required because appellant was on notice that if he did not comply with the agreement, then his sentence could be vacated.

The plea judge stated appellant's sentence was a conditional sentence that was subject to change. The judge found the State was entitled to the benefit of its bargain and that the plea agreement should be enforced. Appellant was re-sentenced to life imprisonment without parole on the murder charge and the other sentences remained the same.

## ISSUE

Did the plea judge lack jurisdiction to grant the State's motion to re-sentence appellant five months after his guilty plea and sentencing?

## DISCUSSION

 It is a long-standing rule of law that a trial judge is without jurisdiction to consider a criminal matter once the term of court during which judgment was entered expires. *State v. Hinson*, 303 S.C. 92, 399 S.E.2d 422 (1990). *See also State v. Best*, 257 S.C. 361, 186 S.E.2d 272 (1972) (trial judge is without authority to pursue a case after the term of court has adjourned). Each week of court is a separate term. *State v. Mixon*, 275 S.C. 575, 274 S.E.2d 406 (1981). The rule has two exceptions: a timely post-trial motion and a motion for a new trial based on after-discovered evidence. Rule 29, SCRCrimP. Rule 29 states that, except for motions for new trials based on after-discovered evidence, post-trial motions shall be made within ten days after the imposition of the sentence.[1] Rule 29

---

1. The State argues that its motion to vacate appellant's sentence is akin to a motion based on after-discovered evidence which is not bound by the ten-day time limit. However, this situation is not what is intended by the rule on after-discovered evidence. *See State v. Needs*, 333 S.C. 134, 508 S.E.2d 857 (1998) (to prevail on a motion for a new trial based

further states that the court's jurisdiction to hear the motion will not expire with the term of court if the party has filed a timely motion. However, if the motion is not made within ten days of sentencing, the court will be without jurisdiction to entertain the motion.

Appellant's issue frames the term of court rule as a rule of subject matter jurisdiction; however, this rule does not involve subject matter jurisdiction. We have stated that a trial court lacks jurisdiction over a matter once the term of court has ended. While we have used the "jurisdiction" language, we have not stated that the trial court lacks subject matter jurisdiction when the term of court ends. *See, e.g., State v. Hinson, supra; State v. Walker,* 269 S.C. 349, 237 S.E.2d 583 (1976); *State v. Best, supra.* When we used the "lack of jurisdiction" language, we meant that the trial court simply no longer has the power to act in a particular manner because the term of court has ended. At least three Court of Appeals' cases have discussed or mentioned the term of court rule as being a rule of subject matter jurisdiction. *See State v. Davis,* 375 S.C. 12, 649 S.E.2d 178 (Ct.App.2007); *Town of Hilton Head Island v. Godwin,* 370 S.C. 221, 634 S.E.2d 59 (Ct.App. 2006); *State v. Rhinehart,* 312 S.C. 36, 430 S.E.2d 536 (Ct. App.1993). However, framing the rule as a subject matter jurisdiction rule is incorrect.

In *State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005), we emphasized that subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. A circuit court judge's power to hear criminal cases is not eliminated once a term of court ends; the power is lost only as to the particular criminal case that the judge heard within a particular term of court. Given *Gentry,* the term of court rule is not a rule of subject matter jurisdiction.

on after-discovered evidence, a defendant must show (1) the evidence is such as will probably change the result if a new trial is granted; (2) the evidence has been discovered since the trial; (3) the evidence could not have been discovered prior to trial by the exercise of due diligence; (4) the evidence is material; and (5) the evidence is not merely cumulative or impeaching).

Pursuant to our case law and Rule 29, the plea judge lacked authority to re-sentence appellant because the State did not file a timely Rule 29 motion after appellant's sentencing. We note the typical procedure in this situation is that a defendant pleads guilty pursuant to a plea agreement and then the defendant's sentencing is held in abeyance until after the defendant has cooperated at the co-defendant's trial. Had the typical procedure occurred, the plea judge would have had the authority to sentence appellant outside of his plea agreement after he failed to testify at his co-defendant's trial.

## CONCLUSION

We hold the term of court rule does not involve subject matter jurisdiction and is simply a rule involving the authority of the court to hear a matter it heard in a previous term. We find the judge should not have entertained the State's motion to vacate appellant's sentence given the State did not file a Rule 29 motion. Accordingly, the ruling of the plea judge is **REVERSED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.