702 S.E.2d 112

## CITY OF GREENVILLE, Respondent,

v.

## Joseph D. BANE, Appellant.

### No. 26888.

Supreme Court of South Carolina.

Heard Sept. 23, 2010.

Decided Nov. 8, 2010.

304

Samuel Darryl Harms, of Greenville, for Appellant.

Robert Patrick Coler, of Greenville, for Respondent.

Justice PLEICONES.

Appellant, a street preacher, was convicted in municipal court of violating a city ordinance prohibiting molesting or disturbing others. On appeal, the circuit court affirmed Appellant's conviction, finding the ordinance was constitutional and that the municipal court judge properly denied Appellant's motions for a directed verdict and a new trial. This Court certified the case pursuant to Rule 204(b), SCACR. We reverse.

## FACTS

Appellant was convicted of violating a City of Greenville ordinance (the ordinance), entitled "Molesting, disturbing, or following persons," which provides:

It shall be unlawful for any person to:

(1) Willfully or intentionally interfere with, disturb or in any way molest any person in the city while on any public street, lane, alley, sidewalk, park, or square or in any place of public amusement or other building or place or upon privately owned premises where such person may have entered without permission or as a trespasser;

(2) Invite any person to or attempt to have any person enter an automobile for the purpose of molesting or willfully disturbing such person;

(3) Molest or disturb any person by the making of obscene remarks or such remarks and actions as would humiliate, insult, or scare any person;

(4) Follow any person along any street, sidewalk, or other place within the city for the purpose of molesting, disturbing, harassing, or annoying such person; or

(5) Exhibit, display, or gesture in any public place and in the presence of any other person any lewd or lascivious act or condition that depicts actual or simulated sexual conduct, regardless of whether or not the person exhibiting, displaying, or gesturing exposes the private parts of his person.

Greenville, S.C.Code § 24–32 (1985).

Appellant was loudly preaching against homosexuality on a public sidewalk in downtown Greenville. Officer Patricia Mullinax cited Appellant for violating the ordinance after he directed a comment to three young women as they passed by. Two of the women testified Appellant yelled to them, "Faggots, you will burn in hell." Officer Mullinax testified she cited Appellant as a result of the comment he directed at the women.

At the close of the City's evidence, Appellant moved for a directed verdict, which the trial judge denied. The jury found Appellant guilty of violating the ordinance, and the trial judge imposed a fine of $200. The circuit court affirmed Appellant's conviction.

## ISSUES

I. Did the trial judge properly deny Appellant's directed verdict motion and motion for a new trial?

II. Is the ordinance unconstitutional on its face?

## DISCUSSION

I. *Did the trial judge properly deny Appellant's directed verdict motion and motion for a new trial?*

Appellant argues the circuit court erred in affirming the municipal court's denial of his directed verdict motion. Specifically, Appellant argues the City presented no evidence that he

violated any subsection of the ordinance. We agree as to subsections (1), (2), (4), and (5).

A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged. *State v. Parris,* 363 S.C. 477, 481, 611 S.E.2d 501, 503 (2005). In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight. *Id.* at 481, 611 S.E.2d at 502–03. On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State. *Id.* at 481, 611 S.E.2d at 503. If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury. *Id.*

The circuit court affirmed the municipal court's denial of Appellant's directed verdict motion, finding the testimony of each of the women, alone, was sufficient to submit the issue to the jury.

We find the circuit court erred in affirming the municipal court's denial of Appellant's directed verdict motion as to subsections (1), (2), (4), and (5). We find as to subsections (2), (4), and (5) the City presented no evidence that Appellant invited anyone into an automobile, followed anyone, or displayed any lewd behavior.

We also find the trial judge should have granted Appellant's directed verdict motion as to subsection (1). Viewing the evidence in a light most favorable to the City, there is no evidence Appellant was guilty of violating this subsection. Both subsections (1) and (3) criminalize molesting or disturbing others. The proscription of subsection (3) relates solely to speech that would molest or disturb others. Officer Mullinax testified she arrested Appellant only on the basis of his verbal comment. The City presented no evidence that, other than through his speech, Appellant engaged in any conduct that would disturb or molest others. We find the circuit court erred in affirming the municipal court's denial of Appellant's directed verdict motion as to these subsections.

Because we find the trial court should have directed a verdict of acquittal as to these subsections, we need not

address their constitutionality. *See Morris v. Anderson County*, 349 S.C. 607, 564 S.E.2d 649 (2002) (Court will not unnecessarily reach constitutional questions).

II. *Is subsection (3) unconstitutional on its face?*

 Appellant argues subsection (3) of the ordinance is unconstitutional on its face. Specifically, Appellant argues the provision is unconstitutionally vague. We agree.

In determining whether a statute is vague, the Court has held:

> The concept of vagueness or indefiniteness rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication. The primary issues involved are whether the provisions of a penal statute are sufficiently definite to give reasonable notice of the prohibited conduct to those who wish to avoid its penalties and to apprise Judge and jury of standards for the determination of guilt. If the statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability, it is unconstitutional.

> *City of Beaufort v. Baker*, 315 S.C. 146, 152, 432 S.E.2d 470, 473–74 (1993) (quoting *State v. Albert*, 257 S.C. 131, 134, 184 S.E.2d 605, 606 (1971)).

 "The Fourteenth Amendment does not permit a State to make criminal the peaceful expression of unpopular views." *Edwards v. South Carolina*, 372 U.S. 229, 237, 83 S.Ct. 680, 684, 9 L.Ed.2d 697 (1963). In *Edwards*, a group of African Americans were convicted of breach of peace after they marched peacefully on a sidewalk around the State House grounds to publicize their dissatisfaction with discriminatory actions against African Americans. The United States Supreme Court found the arrest, conviction, and punishment of the defendants infringed their constitutionally protected right of free speech. *Id.* at 236, 83 S.Ct. at 684. The Court found the defendants were convicted of an offense "so generalized as to be not susceptible of exact definition." *Id.* The Court stated:

> [W]e do not review in this case criminal convictions resulting from the evenhanded application of a precise and nar-

rowly drawn regulatory statute evincing a legislative judgment that certain specific conduct be limited or proscribed. If, for example, the petitioners had been convicted upon evidence that they had violated a law regulating traffic, or had disobeyed a law reasonably limiting the periods during which the State House grounds were open to the public, this would be a different case.

*Id.*

We find subsection (3) is unconstitutionally vague because the words "humiliate," "insult," and "scare" are not sufficiently definite to give reasonable notice of the prohibited conduct. This provision is subjective because the words that humiliate, insult, or scare one person may not have the same effect on another person. Therefore, people of common intelligence may be forced to guess at the provision's meaning and may differ as to its applicability. Subsection (3), like the statute in *Edwards*, is not precisely written in a way that would notify a person of the certain specific conduct that is prohibited. Accordingly, we find subsection (3) is unconstitutional because it is facially vague.

III. *Remaining Issues*

■ Appellant also argues the ordinance is unconstitutionally overbroad, unconstitutional as applied, and that it violates the South Carolina Religious Freedom Act. Because we find subsection (3) is unconstitutional on other grounds and that Appellant was entitled to a directed verdict as to all other subsections, we decline to address these issues. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not discuss remaining issues when disposition of prior issue is dispositive).

## CONCLUSION

We find Appellant was entitled to a directed verdict as to subsections (1), (2), (4), and (5) of the ordinance. We further find subsection (3) is invalid because it is facially unconstitutional. Appellant's conviction is therefore

**REVERSED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.