708 S.E.2d 234

**The STATE, Respondent,**

**v.**

**Ivory WARREN, Appellant.**

**No. 4804.**

Court of Appeals of South Carolina.

Submitted Feb. 1, 2011.

Decided March 2, 2011.

Rehearing Denied April 21, 2011.

---

5. Counsel did not request that the video be made part of the record for appellate purposes.

Tara Dawn Shurling, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. Mcintosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R.J. Shupe, all of Columbia, and Solicitor Ernest A. "Chip" Finney, III, of Sumter, for Respondent.

PIEPER, J.

This appeal arises out of Appellant Ivory Warren's guilty pleas to burglary in the first degree and attempted armed

robbery. After sentencing, Warren filed a timely motion to withdraw her pleas. Warren later amended her post trial motion to request reconsideration of her sentence, specifically abandoning the motion to withdraw her plea. Warren argues the circuit court erred in finding it was without authority to consider her untimely motion to reconsider the sentence. We affirm the finding that Warren's motion to reconsider her sentence was not timely filed.[1]

## FACTS

Warren pled guilty to burglary in the first degree and attempted armed robbery in exchange for dismissal of her indictments for murder and possession of a weapon during the commission of a violent crime. Warren also testified in the trial of one of her codefendants. The Honorable Paula H. Thomas presided over the trial and guilty pleas, and sentenced Warren to 15 years of imprisonment on each charge to run concurrently. Seven days after sentencing, Warren filed a motion to withdraw her guilty pleas. More than three years later, Warren filed a motion to amend her still-pending post trial motion, asking the court to reconsider her sentence and specifically abandoning her request to withdraw the pleas. At the hearing on the motions, the parties agreed that the Honorable Howard P. King had authority to hear the motions because Judge Thomas was unavailable due to her election to the South Carolina Court of Appeals. Judge King found Warren's request to reconsider her sentence was not timely. Alternatively, Judge King denied Warren's motion to reconsider her sentence on the merits. Judge King never ruled on the motion to withdraw Warren's plea, as that motion was abandoned. The sole issue on appeal is whether the trial court improperly denied Warren's motion to reconsider her sentence.

## STANDARD OF REVIEW

In criminal cases, the appellate court reviews only errors of law and is bound by the factual findings of the trial court unless the findings are clearly erroneous. *State v. Bryant,* 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007). The

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

authority to change a sentence rests solely and exclusively within the discretion of the sentencing judge. *State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981). An abuse of discretion occurs where the conclusions of the trial court are either controlled by an error of law or lack evidentiary support. *State v. Winkler*, 388 S.C. 574, 583, 698 S.E.2d 596, 601 (2010).

## ANALYSIS

■ Warren argues that the trial court retained the power of adjudication over her case, despite the expiration of the original term of court, because she filed a timely post trial motion. Citing *State v. Campbell*, 376 S.C. 212, 656 S.E.2d 371 (2008), Warren argues the trial court retained jurisdiction [2] over the entire case, and not just the timely-filed motion to withdraw her plea, such that the court had the authority to reconsider her sentence. The State argues Rule 29, SCRCrimP, allows a circuit judge to retain jurisdiction over the motion filed within ten days after imposition of the sentence; thus, because the amendment asserted a completely different request for relief *and* abandoned the original request, the State argues the trial court did not have the authority to decide Warren's motion to reconsider her sentence.

■ Generally, a trial judge is without authority to consider a criminal matter once the term of court during which judgment was entered expires. *Campbell* 376 S.C. at 215, 656 S.E.2d at 373. However, there is an exception for timely post trial motions pursuant to Rule 29, SCRCrimP.[3] *Id.* "Rule 29 further states that the court's jurisdiction to hear the motion

---

2. Although Rule 29 and subsequent case law use the term "jurisdiction" to refer to the court's power or authority to act, we recognize that this issue is not one of subject matter jurisdiction. As stated by the *Campbell* court, "When we used the 'lack of jurisdiction' language, we meant that the trial court simply no longer has the power to act in a particular manner because the term of court has ended." 376 S.C. at 216, 656 S.E.2d at 373. Thus, where the term "jurisdiction" is used, we refer only to the court's power to act on Warren's motions. The circuit court retained subject matter jurisdiction over this criminal matter at all times throughout the case.

3. The other exception to the rule that a trial judge may not consider a criminal matter after expiration of the term of court is a motion for a

will not expire with the term of court if the party has filed a timely motion." *Id.* at 215–16, 656 S.E.2d at 373. The court does not retain authority to entertain a motion which is not made within ten days of sentencing. *Id.* at 216, 656 S.E.2d at 373.

> Except for motions for new trials based on after-discovered evidence, post trial motions shall be made within ten (10) days after the imposition of the sentence. In cases involving appeals from convictions in magistrate's or municipal court, post trial motions shall be made within ten (10) days after receipt of written notice of entry of the order or judgment disposing of the appeal. The time for appeal for all parties shall be stayed by a timely post trial motion and shall run from the receipt of written notice of entry of the order granting or denying such motion. The time within which to make the motion shall not be affected by the ending of a term of court or departure of the judge from the circuit, and the circuit judge shall retain jurisdiction of the action for the purpose of hearing and disposing of the motion if not heard and disposed of during the term. Except by consent of the parties, argument on the motion shall be heard in the circuit where the trial or hearing was held. The motion may, in the discretion of the court, be determined on briefs filed by the parties without oral argument.

Rule 29(a), SCRCrimP.

Warren made a timely post trial motion to withdraw her guilty plea. More than three years later, Warren filed a motion to amend the previous motion, containing the following language: "[Warren] now asks that the post trial motion be amended to reflect her prayer for reconsideration of her sentence and she abandons her request to be allowed to withdraw her pleas." Warren utilizes *Campbell* to assert that the timely-filed motion to withdraw the plea allows a trial court to retain authority over the entire case. Thus, Warren argues the trial court erred in finding it only retained authority to decide the issue presented in the timely-filed motion to withdraw the plea.

---

new trial based on after-discovered evidence. *Campbell*, 376 S.C. at 215, 656 S.E.2d at 373. However, this exception is not before the court.

We disagree with Warren's interpretation of *Campbell*. The trial court retained authority to decide the timely-filed post trial motion pursuant to Rule 29. However, the rule itself focuses on the court's retention of authority to act "for the purpose of hearing and disposing of *the motion.*" *See* Rule 29(a) (emphasis added). When Warren amended the motion to add a reconsideration of sentence request, while simultaneously abandoning the motion to withdraw her plea, the court lost its authority to act on the motion because the amendment was not timely. Although Warren alternatively argues that the amendment to the timely-filed motion was appropriate because she first added the request to reconsider her sentence to the motion and *then* abandoned the motion to withdraw her plea, we disagree with this assessment. We find Warren's motion to reconsider her sentence, like the motion to withdraw a guilty plea, is subject to the ten day time period prescribed in Rule 29; thus, because the motion was filed more than three years after imposition of the sentence, Warren's motion is not timely.[4] Because we find the request for reconsideration of Warren's sentence is untimely, we need not reach Judge King's alternative ruling on the merits denying the motion. *See City of Greenville v. Bane*, 390 S.C. 303, 309, 702 S.E.2d 112, 115 (2010) (noting an appellate court need not address all issues where disposition of one issue is dispositive).

**AFFIRMED.**

HUFF and SHORT, JJ., concur.

---

4. Our holding is analogous to jurisprudence concerning Rule 33 of the Federal Rules of Criminal Procedure, which provides the procedure for filing a motion for a new trial. "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(2). The United States Supreme Court classified this federal rule as a "claim-processing rule," rather than a jurisdictional issue, in addressing the effect of untimely arguments in support of a motion for a new trial where the district court was still considering post trial motions and the matter had not yet been appealed. *Eberhart v. U.S.*, 546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005). Although the Supreme Court ultimately found that the government waived its right to raise a defense of untimeliness by failing to raise it before the district court ruled on the merits, the Court noted the policy of the Federal Rules is not to extend the power to act indefinitely but to confine it within constant time periods. *Id.* at 17–18, 126 S.Ct. 403.