**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Travis Jerome Stewart, Appellant.

Appellate Case No. 2011-204286

———————————

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-035
Submitted December 3, 2012 – Filed January 16, 2013

———————————

**APPEAL DISMISSED**

———————————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Travis Jerome Stewart appeals his conviction and sentence from a guilty plea entered February 28, 2011. We lack jurisdiction to address this appeal because Stewart failed to serve a timely notice of appeal; thus, we dismiss.

Stewart served his notice of appeal on November 29, 2011, after the trial court orally denied his motion to reconsider the denial of his motion for reconsideration of his sentence on November 21, 2011. The motion to reconsider the order denying his initial motion to reconsider the sentence was untimely because post-trial motions must be filed within ten days of sentencing. *State v. Warren*, 392 S.C. 235, 239, 708 S.E.2d 234, 236 (Ct. App. 2011) ("The [circuit] court does not retain authority to entertain a motion which is not made within ten days of sentencing."). Accordingly, Stewart's notice of appeal was untimely served. *See* Rule 203(b)(2), SCACR ("When a timely post-trial motion is made under Rule 29(a), SCRCrimP, the time to appeal shall be stayed and shall begin to run from receipt of written notice of entry of an order granting or denying such motion."); Rule 29, SCRCrimP ("[P]ost-trial motions shall be made within ten (10) days after the imposition of the sentence. . . . The time for appeal for all parties shall be stayed by a timely post-trial motion and shall run from the receipt of written notice of entry of the order granting or denying such motion."). Therefore, we dismiss. *See Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985) (explaining timely service of the notice of appeal is a jurisdictional requirement, and the appellate courts have no authority to extend the time in which the notice of intent to appeal must be served).

**APPEAL DISMISSED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.