**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Watson, Appellant.

Appellate Case No. 2010-173126

―――――――――

Appeal From Saluda County
William P. Keesley, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-276
Heard June 4, 2013 – Filed June 26, 2013

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy Attorney General David A. Spencer, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

―――――――――

**PER CURIAM:** Michael Watson appeals his convictions for voluntary manslaughter, pointing and presenting a firearm, and possession of a firearm during the commission of a violent crime. Watson argues the trial court erred in (1) denying his motion to reconsider his sentence for voluntary manslaughter, and (2) refusing to suppress his statement to Officer Cockrell. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Watson's motion to reconsider his sentence for voluntary manslaughter: *State v. Warren*, 392 S.C. 235, 237-38, 708 S.E.2d 234, 235 (Ct. App. 2011) ("The authority to change a sentence rests solely and exclusively within the discretion of the sentencing judge."); *id.* at 238, 708 S.E.2d at 235 ("An abuse of discretion occurs where the conclusions of the trial court are either controlled by an error of law or lack evidentiary support.").

2. As to whether the trial court erred in refusing to suppress Watson's statement to Officer Cockrell: *State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("The trial [court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); *id.* ("On appeal, the conclusion of the trial [court] as to the voluntariness of a statement will not be reversed unless so erroneous as to show an abuse of discretion."); *id.* at 378-79, 652 S.E.2d at 448 ("When reviewing a trial [court]'s ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court]'s ruling is supported by any evidence.").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**