**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ubaldo Garcia, Jr., Appellant.

Appellate Case No. 2012-209447

———————————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-446
Heard November 3, 2014 – Filed December 10, 2014

———————————

**AFFIRMED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Jimmy A. Richardson II, of Conway, for Respondent.

———————————

**PER CURIAM:** Appellant Ubaldo Garcia Jr. challenges the denial of his motion to reconsider his ten-year sentence for trafficking in cocaine, twenty-eight to one

hundred grams. Garcia argues the circuit court erred in declining to give him sentencing credit for the time he spent on house arrest with GPS monitoring. Garcia also seeks review of the circuit court's failure to provide a hearing to Garcia before placing him on GPS monitoring. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Garcia's request for sentencing credit under section 24-13-40 of the South Carolina Code (2007): *State v. Warren*, 392 S.C. 235, 237-38, 708 S.E.2d 234, 235 (Ct. App. 2011) (holding that the authority to change a sentence rests exclusively within the sentencing judge's discretion and an abuse of discretion occurs when the conclusions are either controlled by an error of law or lack evidentiary support); *State v. Higgins*, 357 S.C. 382, 385, 593 S.E.2d 180, 182 (Ct. App. 2004) (holding that our legislature intended to allow credit for time served only in a penal institution and not on home detention).

2. As to the 2013 amendment to section 24-13-40: *Edwards v. State Law Enforcement Div.*, 395 S.C. 571, 579, 720 S.E.2d 462, 466 (2011) ("[A]bsent a specific provision or clear legislative intent to the contrary, statutes are to be construed prospectively rather than retroactively, unless the statute is remedial or procedural in nature." (citations omitted)); S.C. Code Ann. § 24-13-40 (Supp. 2013) ("In every case in computing the time served by a prisoner, full credit against the sentence *must* be given for time served prior to trial and sentencing, and *may* be given for any time spent under monitored house arrest." (emphases added)); *State v. Hill*, 314 S.C. 330, 332, 444 S.E.2d 255, 256 (1994) ("The word 'may' ordinarily 'signifies permission and generally means the action spoken of is optional or discretionary.'" (citation omitted)); *Warren*, 392 S.C. at 237-38, 708 S.E.2d at 235 (holding that the authority to change a sentence rests exclusively within the sentencing judge's discretion and an abuse of discretion occurs when the conclusions are either controlled by an error of law or lack evidentiary support).

3. As to Garcia's due process argument: *State v. Walker*, 366 S.C. 643, 660, 623 S.E.2d 122, 130 (Ct. App. 2005) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review." (citations omitted)); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A party cannot complain of an error [that] his own conduct has induced." (citation omitted)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur**.