**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Samuel B., a Juvenile Under the Age of Seventeen, Appellant.

Appellate Case No. 2013-001952

Appeal From Charleston County
Judy L. McMahon, Family Court Judge

Unpublished Opinion No. 2015-UP-323
Submitted March 1, 2015 – Filed July 1, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

**PER CURIAM:** Samuel B. appeals his sentence of commitment to the Department of Juvenile Justice for an indeterminate period not to exceed his twenty-first birthday. Samuel argues the family court (1) lacked authority to reconsider his sentence and (2) abused its discretion in resentencing him. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find the family court had authority to reconsider Samuel's sentence because the State's amended motion to reconsider presented the same basis for reconsideration as its timely filed motion to reconsider: that Turbeville Correctional Institution offers substance abuse and mental health treatment. *See* Rule 2(b), SCRFC (stating Rule 29 of the South Carolina Rules of Criminal Procedure applies to juvenile actions); Rule 29(a), SCRCrimP ("Except for motions for new trials based on after-discovered evidence, post-trial motions shall be made within ten (10) days after the imposition of the sentence."); *State v. Campbell*, 376 S.C. 212, 215-16, 656 S.E.2d 371, 373 (2008) (stating a sentencing court retains jurisdiction over a criminal matter if a party files a timely post-trial motion pursuant to Rule 29, SCRCrimP); *State v. Warren*, 392 S.C. 235, 237-38, 708 S.E.2d 234, 235 (Ct. App. 2011) ("The authority to change a sentence rests solely and exclusively within the discretion of the sentencing [court].").

2.  We find the family court did not abuse its discretion in resentencing Samuel. *See In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A [court] must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant."); *Warren*, 392 S.C. at 237-38, 708 S.E.2d at 235 ("The authority to change a sentence rests solely and exclusively within the discretion of the sentencing [court]."); *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) (stating a sentencing court "is to be accorded very wide discretion in determining an appropriate sentence").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.