**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Douglas Camp, Appellant.

Appellate Case No. 2014-002074

Appeal From Cherokee County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2015-UP-478
Submitted August 1, 2015 – Filed October 7, 2015

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Michael Douglas Camp appeals his concurrent five-year sentences for breaking into a motor vehicle and third-degree burglary, arguing the

plea court abused its discretion in amending his sentence.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Warren*, 392 S.C. 235, 237-38, 708 S.E.2d 234, 235 (Ct. App. 2011) ("The authority to change a sentence rests solely and exclusively within the discretion of the sentencing judge."); *State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976) (stating an appellate court "has no jurisdiction to review a sentence, provided it is within the limits provided by statute for the discretion of the trial court, and is not the result of prejudice, oppression or corrupt motive"); S.C. Code Ann. § 16-13-160(B) (2003) (stating an individual found guilty of breaking into a motor vehicle "is guilty of a felony and, upon conviction, must be imprisoned not more than five years or fined not more than one thousand dollars, or both"); S.C. Code Ann. § 16-11-313(B) (2003) ("Burglary in the third degree is a felony punishable by imprisonment for not more than five years for conviction on a first offense and for not more than ten years for conviction of a second offense according to the discretion of the [c]ourt.").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.