**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Julius Smith, Appellant.

Appellate Case No. 2014-001366

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-505
Submitted November 1, 2016 – Filed December 7, 2016

———————

**AFFIRMED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Deborah R.J. Shupe, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** John Julius Smith appeals the circuit court's order denying his motion for a new trial, arguing the circuit court erred by (1) failing to apply *Jamison v. State*,[1] which articulated a new test for a new trial based on after-discovered evidence following a guilty plea; (2) failing to provide further findings of fact in its order denying Smith's motion for a new trial; (3) failing to find the evidence presented met the traditional five-factor test for a new trial based on after-discovered evidence; and (4) finding the standard for resentencing, set forth in *State v. South*,[2] only applied to capital cases. We affirm[3] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Smith's argument regarding whether the circuit court erred in applying the new test set forth in *Jamison*, we affirm. First, we note *Jamison* is not retroactive. Second, the test set forth in *Jamison* only applies in the PCR context. *See Jamison*, 410 S.C. at 467, 765 S.E.2d at 128 ("[T]he narrow issue presented to this [c]ourt is whether and to what extent an otherwise valid guilty plea may be vacated in PCR proceedings on the basis of newly discovered evidence."). Finally, we note the circuit court applied the correct test in denying Smith's motion for a new trial. *See State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("In order to warrant the granting of a new trial on the ground of after-discovered evidence, the movant must show the evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching.").

2. As to Smith's argument that the circuit court did not provide factual findings in its order denying Smith's motion for a new trial: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the [circuit] court will not be considered on appeal.").

3. As to Smith's argument that the circuit court erred by finding the standard for resentencing set forth in *South* only applies to capital cases: *State v. Warren*, 392 S.C. 235, 240, 708 S.E.2d 234, 236 (Ct. App. 2011) (finding an amendment to a post-motion raising additional issues is subject to the Rule 29 deadlines); Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one (1) year after the date of actual discovery of the evidence

---

[1] 410 S.C. 456, 765 S.E.2d 123 (2014).
[2] 310 S.C. 504, 427 S.E.2d 666 (1993).
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**