# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Frederick Scott Pfeiffer, Respondent.

Appellate Case No. 2018-001153

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Pickens County
J. Cordell Maddox Jr., Circuit Court Judge

---

Opinion No. 27891
Heard March 6, 2019 – Filed May 29, 2019

---

## REVERSED

---

Attorney General Alan Wilson, Senior Assistant Deputy
Attorney General S. Creighton Waters, and Senior
Assistant Attorney General Brian T. Petrano, all of
Columbia, for Petitioner.

Ralph Gleaton, of Gleaton Law Firm, PC, and William
G. Yarborough III, of William G. Yarborough III,
Attorney at Law, both of Greenville, for Respondent.

---

**JUSTICE KITTREDGE:** The State's appeal from the grant of Frederick Scott Pfeiffer's second Rule 29(a), SCRCrimP, motion presents the following question: after the disposition of an initial Rule 29(a) motion, and more than ten days after imposition of the sentence, does the trial court have jurisdiction to hear a second Rule 29(a) motion? We answer the question by holding the trial court lacks jurisdiction to hear a second Rule 29(a) motion, unless the second motion challenges something that was altered from the original sentence as a result of the initial Rule 29(a) motion.

## I.

On September 18, 2013, Pfeiffer pled guilty to criminal conspiracy and two counts of securities fraud. The State and Pfeiffer entered into a negotiated plea. It is uncontested that the trial court sentenced Pfeiffer in accordance with the negotiated plea agreement.

A dispute quickly arose with the South Carolina Department of Correction's interpretation of the sentencing sheets. To resolve any confusion, Pfeiffer timely filed his first Rule 29(a) motion to correct the clerical errors, which resulted in an October 8, 2013 hearing. Without objection, the trial court entered an amended sentence clarifying the sentencing sheets. The "amended sentence" did not substantively alter the original sentence; the amended sentencing sheets merely removed any concern the Department of Corrections had with interpreting the original sentence.

Additionally, also on October 8, 2013, Pfeiffer's codefendant was sentenced. Pfeiffer believed his sentence was unduly harsh in comparison to his codefendant's sentence. As a result, on October 17, twenty-nine days after the original sentence, Pfeiffer filed a second Rule 29(a) motion seeking a reduced sentence based on the codefendant's lighter sentence. As noted, there has never been any suggestion Pfeiffer's original sentence was contrary to the negotiated plea agreement. Rather, the negotiated plea specifically allowed the State to control the order and timing of Pfeiffer and his codefendant's pleas and sentencing proceedings. Specifically, the plea agreement provided that the "State retain[ed] the right to call the order of plea and/or sentencing for Mr. Pfeiffer and any codefendant."

The State argued that Pfeiffer's second motion was untimely because more than ten days had elapsed since the original sentencing and the second motion was in no manner related to the first. The trial court, however, found the motion was timely, and granted Pfeiffer's second motion by reducing his sentence. The court of

appeals affirmed, and we granted the State's petition for writ of certiorari. *See State v. Pfeiffer*, Op. No. 2018-UP-130 (S.C. Ct. App. filed Mar. 28, 2018).

## II.

We find the second Rule 29(a) motion was untimely. In a criminal case, once the term of court ends, the trial court lacks jurisdiction to consider additional matters unless a party files a timely post-trial motion. *State v. Campbell*, 376 S.C. 212, 215–16, 656 S.E.2d 371, 373 (2008). Rule 29(a), SCRCrimP, provides that a post-trial motion "shall be made within ten (10) days after the imposition of the sentence." Successive Rule 29(a) motions are generally not permitted. However, where a second Rule 29(a) motion is related to the disposition of the first Rule 29(a) motion, the trial court retains authority to hear and dispose of the subsequent motion, provided the subsequent motion is filed within ten days of the disposition of the prior post-trial motion. That did not occur here. *Cf. Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004) ("[A] second motion for reconsideration . . . is appropriate only if it challenges something that was altered from the original judgement as a result of the initial motion for reconsideration." (discussing *Coward Hund Constr. Co. v. Ball Corp.*, 336 S.C. 1, 3–4, 518 S.E.2d 56, 58 (Ct. App. 1999))).

Because Pfeiffer's second Rule 29(a) post-trial motion was in no manner related to the first Rule 29(a) motion, the trial court lacked jurisdiction to hear the second motion.[1] The original sentence, as clerically amended on October 8, 2013, is reinstated.

---

[1] We find manifestly without merit Pfeiffer's argument that the State waived its right to appeal due to the existence of an appeal waiver clause concerning Pfeiffer in the negotiated plea agreement. The negotiated plea deal contained an appeal waiver clause, providing that "Mr. Pfeiffer hereby waives any entitlement to and agrees never to pursue . . . any and all other methods of direct or collateral review of these convictions and sentences." *See United States v. Guevara*, 941 F.2d 1299, 1299–300 (4th Cir. 1991) (holding the Government was precluded from appealing a sentence where the defendant explicitly waived his right to appeal); *Spoone v. State*, 379 S.C. 138, 142, 665 S.E.2d 605, 607 (2008) (finding this Court generally follows federal precedent as it pertains to plea agreements). Assuming the appeal waiver clause applies to the State, a waiver of appeal cannot reach the circumstances presented in this case, with the trial court attempting to exercise jurisdiction where there was no jurisdiction. *Campbell*, 376 S.C. at 215, 656 S.E.2d at 373 (finding a trial court loses jurisdiction at the end of a criminal case).

**REVERSED.**

**BEATTY, C.J., HEARN, JAMES, JJ., and Acting Justice James E. Lockemy, concur.**

---

The second Rule 29(a) motion was, therefore, outside the scope of the negotiated agreement. Moreover, as stated, the negotiated plea agreement expressly authorized the State "to call the order of plea and/or sentencing for Mr. Pfeiffer and any codefendant." *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (finding a court will not enforce waivers of appellate rights beyond the scope of the agreement).