**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Boyce Derek Lowrance, Appellant.

Appellate Case No. 2017-001070

———————————

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-417
Submitted November 1, 2019 – Filed December 31, 2019

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Deputy Attorney General Donald J. Zelenka, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 29(a), SCRCrimP ("Except for motions for new trials based on after-discovered evidence, post-trial motions shall be made within ten (10) days

after the imposition of the sentence."); *State v. Campbell*, 376 S.C. 212, 215, 656 S.E.2d 371, 373 (2008) ("It is a long-standing rule of law that a trial judge is without jurisdiction to consider a criminal matter once the term of court during which judgment was entered expires."); *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("The authority to change a sentence rests exclusively with the sentencing judge and is within his or her discretion.").[1]

**AFFIRMED.**[2]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We further hold that Lowrance's argument that his resentencing amounted to a violation of the ex post facto clause of the United States Constitution and the South Carolina Constitution was not preserved for appellate review. *See State v. Brown*, 402 S.C. 119, 125 n.2, 740 S.E.2d 493, 496 n.2 (2013) (noting an issue is not preserved for appellate view unless it has been (1) timely raised with sufficient specificity at trial by the appellant and (2) ruled on by the trial court).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.