**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Patrick Lee Booker, Appellant.

Appellate Case No. 2022-000641

Appeal From Greenville County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2025-UP-061
Submitted February 20, 2025 – Filed February 26, 2025

**AFFIRMED**

Patrick Lee Booker, of Greenwood, pro se.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Patrick Lee Booker appeals the circuit court's April 28, 2022 and September 1, 2022 orders finding he was required to pay supervision fees associated with his participation in the Community Supervision Program (CSP).[1]

---

[1] S.C. Code Ann. § 24-21-560 (2025).

On appeal, Booker argues (1) the circuit court erred by finding CSP was a collateral consequence of sentencing and therefore, his guilty plea was not taken in violation of his due process rights when he was not informed of the mandatory supervision requirement at the time of his plea; (2) the circuit court erred in finding the director of the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) had authority to place him in CSP; and (3) there was a violation of the separation of powers doctrine on the basis the law improperly allows the director of SCDPPPS to alter judicially imposed sentences.[2] We affirm pursuant to Rule 220(b), SCACR.

Initially, as to issue one, we hold this is not the proper proceeding to raise this issue and such an attack on the unknowing and involuntary nature of a guilty plea must be raised in a post-conviction relief (PCR) action.[3] *See Al-Shabazz v. State*, 338 S.C. 354, 367, 527 S.E.2d 742, 749 (2000) (holding PCR is the proper avenue for collateral attacks on a conviction or sentence); *State v. McKinney*, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982) ("Absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate channel of [PCR]."); S.C. Code Ann. § 17-27-20(A) (2014) ("Any person who has been convicted of, or sentenced for, a crime and who claims . . . [t]hat the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State . . . may institute . . . a proceeding under [the PCR Act] to secure relief."); S.C. Code Ann. § 17-27-20(B) (2014) (stating PCR "takes the place of all other common law, statutory or other remedies heretofore available for challenging the validity of the conviction or sentence" and "shall be used exclusively in place of them").

As to issues two and three, we hold Booker waived further argument related to the SCDPPPS's authority to place him in CSP by not seeking a ruling on these issues following the issuance of the April 28, 2022 order. *See State v. Pfeiffer*, 427 S.C. 10, 13, 828 S.E.2d 764, 766 (2019) ("In a criminal case, once the term of court ends, the trial court lacks jurisdiction to consider additional matters unless a party files a timely post-trial motion."); Rule 29(a), SCRCrimP ("[P]ost-trial motions shall be made within ten (10) days after the imposition of the sentence."); *State v.*

---

[2] On December 31, 2024, Booker moved to expedite this case. After careful consideration, we grant Booker's motion to expedite.

[3] We note Booker raised this issue in his sixth application for PCR in 2009. The PCR court found his claims to be successive, meritless, and not ripe for review, but specifically noted CSP is a collateral consequence of sentencing.

*Warren*, 392 S.C. 235, 239, 708 S.E.2d 234, 236 (Ct. App. 2011) ("The court does not retain authority to entertain a motion which is not made within ten days of sentencing."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[I]t is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error.").

**AFFIRMED.**[4]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.