## 7818

### STATE v. NELSON.

CRIME—PRESUMPTION—CAPACITY.—Where there is any testimony tending to show a defendant charged with crime was under fourteen years of age when the alleged crime was committed, the trial Judge should instruct the jury that one under fourteen years of age is presumed to be incapable of committing crime and the State must remove such presumption. Capacity may be inferred from the facts and circumstances of the case.

Before W. C. DAVIS, Special Judge, Sumter, April, 1910. Reversed.

Indictment against Thomas Nelson for housebreaking and larceny. Defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *As to capacity to commit crime:* 15 S. C. 414; 54 S. C. 163; 16 Ency. 313; 22 Cyc. 623.

*Solicitor P. H. Stoll,* contra.

March 11, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Where there is any testimony tending to show that a defendant, on trial for crime, was at the time of the alleged offense, under the age of fourteen years, it is error to refuse to charge that one under fourteen years of age is presumed to be incapable of committing crime, and the State must remove such presumption. *State* v. *Toney,* 15 S. C. 414; *State* v. *Coleman,* 54 S. C. 162, 31 S. E. 866. This does not mean that there must be direct and positive evidence of the fact of capacity independent and outside of the facts and circumstances of the transaction involved. But the question of capacity should be submitted to the jury under all the facts and circumstances in evidence. *State v. Toney, supra.*

Reversed.