522 S.E.2d 809

**Conrad Lamont SLOCUMB, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 25013.**

Supreme Court of South Carolina.

Submitted Sept. 22, 1999.

Decided Nov. 8, 1999.

Senior Assistant Appellate Defender Wanda Haile, of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for respondent.

MOORE, Justice:

Petitioner pled guilty in general sessions court to a charge of first degree criminal sexual conduct (CSC) committed when he was thirteen years old. He was sentenced to thirty years' imprisonment. We granted a writ of certiorari to review the denial of his application for post-conviction relief (PCR) and now reverse.[1]

---

1. The Court of Appeals recently affirmed petitioner's convictions for first degree burglary, first degree CSC, robbery, kidnapping, and escape committed in March 1996 during his escape from custody. *State v. Slocumb*, 336 S.C. 619, 521 S.E.2d 507 (Ct.App.1999). He was sentenced to three concurrent life sentences, and consecutive fifteen- and five-year sentences. These convictions are not before us here.

## FACTS

On October 27, 1992, petitioner accosted a high school teacher (Victim) in the school parking lot and forced her into her car at gunpoint. He directed Victim to drive to a wooded area and forced her out of the car. When Victim refused to go into the woods with him, petitioner grabbed her, roughly squeezing her breast, and digitally penetrated her vagina through her clothing. He then shot her five times in the face and head and drove off in her car leaving her on the side of the road. Victim was able to walk to a nearby residence for help and later identified petitioner.

Petitioner was charged as a juvenile with first degree CSC, kidnapping, unlawful possession of a firearm on school property, grand larceny of a vehicle, armed robbery, and assault and battery with intent to kill. After a hearing, the charges were transferred to general sessions court. In exchange for petitioner's guilty plea to CSC first degree, the Solicitor agreed to nol prosse the remaining charges.

## ISSUE

Is a CSC charge committed by a juvenile under the age of fourteen years transferable to general sessions court?

## DISCUSSION

In 1968, the legislature provided for "rape" and "attempted rape" charges committed by any age juvenile to be transferred from family court to general sessions court upon petition.[2] Subsequently, in 1977, the legislature enacted S.C.Code Ann. § 16–3–659 (1985) which provides:

---

2. Section 14–21–510(D), formerly 1962 Code § 15–1095.9, provided in pertinent part:

   Within two days after the filing of a petition in the family court, alleging the child has committed the offense of murder, manslaughter, *rape, attempted rape,* arson, common-law burglary, bribery or perjury, the person executing such petition may request in writing that the case be transferred to the court of general sessions, with a view to proceeding against such child as a criminal rather than as a child coming within the purview [of the family court's jurisdiction]. The judge of the family court is authorized to determine this request.

The common law rule[3] that a boy under fourteen years is conclusively presumed to be incapable of committing the crime of rape shall not be enforced in this State. *Provided,* that any person under the age of 14 shall be tried as a juvenile for any violations of §§ 16–3–651 to 16–3–659.1.[4] In 1981, four years after the enactment of § 16–3–659, the original provision allowing the transfer of rape and attempted rape charges was repealed and simultaneously reenacted,[5] continuing the transfer provision[6] for charges involving "criminal sexual assault."[7]

As a later enactment to the original transfer provision, § 16–3–659 limited the transfer of sexual offenses to those committed by juveniles fourteen years of age and over. *See Stone v. State,* 313 S.C. 533, 443 S.E.2d 544 (1994) (more recent and specific statute prevails). The question is what effect the subsequent 1981 reenactment of the transfer provision had on § 16–3–659.

When the legislature reenacts the same provision and provides for its taking effect at the same time as the repeal of the old statute, it is presumed the legislature intended to continue the provision in force without interruption. *South Carolina Mental Health Commission v. May,* 226 S.C.

3. *State v. Nelson,* 88 S.C. 125, 70 S.E. 445 (1911).

4. First degree CSC is codified at S.C.Code Ann. § 16–3–652 (Supp. 1998).

5. 1981 S.C. Act No. 71, §§ 1 & 3.

6. Section 20–7–430(6), now § 20–7–7605(6) (Supp.1998), provided in pertinent part:
   Within two days after the filing of a petition in the family court alleging the child has committed the offense of murder or *criminal sexual assault,* the person executing such petition may request in writing that the case be transferred to the court of general sessions with a view to proceeding against such child as a criminal rather than as a child coming within the purview of [the family court's jurisdiction]. The judge of the family court is authorized to determine this request.
   This section was subsequently amended to provide for thirty days instead of two days.

7. We have equated "rape" with the revised statutory term "criminal sexual conduct." *State v. Summers,* 276 S.C. 11, 274 S.E.2d 427 (1981).

108, 83 S.E.2d 713 (1954). Applying this basic rule of statutory construction, other courts have held the reenactment of a statutory provision does not change the effect of an intermediate act that qualified or limited the earlier enactment. Rather, the intervening statute will be deemed to qualify or modify the new statute in the same manner that it previously modified the earlier enactment. *See People ex rel. Brenza v. Fleetwood,* 413 Ill. 530, 109 N.E.2d 741 (1952); *State ex rel. Palmer v. Circuit Court,* 244 Ind. 297, 192 N.E.2d 625 (1963); *State ex rel. Village of Buhl v. Borgen,* 231 Minn. 317, 43 N.W.2d 95 (1950); *State v. Sam,* 85 Wash.2d 713, 538 P.2d 1209 (1975).

As an intervening statute, § 16–3–659 was unaffected by the later repeal and simultaneous reenactment of the transfer provision. Absent further action by the legislature, § 16–3–659 continues to prohibit the transfer of sexual offenses committed by juveniles under fourteen years of age. Since petitioner was thirteen at the time he committed this offense, the CSC charge could not be transferred to general sessions court and general sessions court was without jurisdiction to accept his plea.[8]

Accordingly, the denial of PCR is

**REVERSED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.

---

8. *See* S.C.Code Ann. § 20–7–400(A)(1)(d) (1985) (family court has exclusive jurisdiction of violation of state law by person under eighteen years except for certain traffic or fish, game, and watercraft violations).