770 S.E.2d 436

**The STATE, Respondent,**

v.

**Conrad Lamont SLOCUMB, Appellant.**

**Appellate Case No. 2013–000933.**
**No. 5303.**

Court of Appeals of South Carolina.

Heard Jan. 6, 2015.
Decided March 18, 2015.
Rehearing Denied April 24, 2015.

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Assistant Attorney General Mark R. Farthing, and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

SHORT, J.

Conrad Lamont Slocumb appeals his aggregate sentence of one hundred thirty years for offenses he committed when he was a juvenile, arguing it is the functional equivalent of a life sentence without parole and violates the Eighth Amendment prohibition against cruel and unusual punishment. We affirm.

**FACTS**

For offenses committed in 1996, Slocumb was convicted of first-degree burglary, first-degree criminal sexual conduct (CSC 1st), kidnapping, escape, and robbery. At the time the crimes were committed, Slocumb was sixteen years old.

The Honorable James W. Johnson, Jr., sentenced Slocumb to three terms of life imprisonment without parole for burglary, CSC 1st, and kidnapping based on a prior 1993 conviction

for CSC 1st. Judge Johnson also sentenced Slocumb to consecutive terms of fifteen years for robbery and five years for escape. Slocumb appealed and in *State v. Slocumb*, 336 S.C. 619, 521 S.E.2d 507 (Ct.App.1999), this court affirmed his convictions. Our supreme court denied Slocumb's petition for certiorari on June 7, 2000.

While his direct appeal was pending, Slocumb filed post-conviction relief (PCR) actions challenging his 1993 convictions. On November 8, 1999, our supreme court granted relief and found the trial court was without jurisdiction to accept Slocumb's 1993 plea. *Slocumb v. State*, 337 S.C. 46, 50, 522 S.E.2d 809, 811 (1999). In granting PCR, the court found a criminal sexual conduct charge committed by a juvenile under the age of fourteen was not transferrable to general sessions under the statute prevailing at the time. *Id.* That plea was the basis for the life sentences Slocumb received under South Carolina's recidivist statute. *See* S.C.Code Ann. § 17–25–45 (2014) (providing for the imposition of a life sentence on an offender convicted of certain prior crimes).

Slocumb appeared before Judge Johnson again on March 16, 2000, and was resentenced to life imprisonment for burglary, thirty years for kidnapping, thirty years for CSC 1st, fifteen years for robbery, and five years for escape. All terms were to be consecutively served. This court vacated the sentences on March 16, 2000, for lack of jurisdiction because there remained matters pending on Slocumb's direct appeal. Slocumb again appeared before Judge Johnson on February 18, 2004, and was resentenced to life imprisonment for burglary, thirty years for kidnapping, thirty years for CSC 1st, fifteen years for robbery, and five years for escape. All terms were to be consecutively served.

On January 26, 2011, Slocumb filed a Motion for Resentencing in the South Carolina circuit court, requesting to be resentenced in accordance with *Graham v. Florida*, 560 U.S. 48, 82, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which held that life without parole is unconstitutional when imposed on juvenile nonhomicide offenders.[1] At the time, Slocumb had a Petition for Writ of Habeas Corpus pending in the United States District Court. The Honorable Henry M. Herlong, Jr.,

---

1. Slocumb alleges no court has yet ruled on this motion.

Senior United States District Judge, adopted the report of the Honorable Bristow Marchant, United States Magistrate Judge, and ordered Slocumb's habeas petition be granted on the issue of whether he was entitled to have his life sentence for burglary vacated pursuant to *Graham.* The order directed Slocumb "be returned to the state sentencing court for resentencing" on the burglary sentence. The remainder of Slocumb's claims were dismissed without prejudice.

In response to the United States District Court order, Slocumb filed a "Bench Brief in Support of a Reduced Sentence in Light of *Graham v. Florida* and Implications of De Facto Life Sentences" with the circuit court. In the brief and at his resentencing hearing before the Honorable DeAndrea G. Benjamin, Slocumb argued he should be resentenced on all charges rather than just the burglary charge because his term-of-years sentence was the functional equivalent of a life sentence.

Slocumb argued his aggregate sentence of eighty years required him to serve time beyond his life expectancy of sixty-seven years. He further argued the cumulative sentence could not be reconciled with *Graham,* which requires a meaningful opportunity for release. Slocumb was thirty-three years old at the time of the hearing.

In response to Judge Benjamin's query, Slocumb's counsel acknowledged the district court's order solely addressed the burglary charge. Judge Benjamin resentenced Slocumb to fifty years on the burglary conviction, consecutive, and left the remaining sentences intact. This appeal followed.

**STANDARD OF REVIEW**

In criminal cases, this court reviews errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Edwards,* 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009). Thus, on review, the court is limited to determining whether the trial court abused its discretion. *Id.* An abuse of discretion occurs when the court's decision is unsupported by the evidence or controlled by an error of law. *State v. Black,* 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012). "This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is sup-

ported by any evidence." *Edwards*, 384 S.C. at 508, 682 S.E.2d at 822.

## LAW/ANALYSIS

■ Slocumb argues the circuit court erred in failing to find his aggregate sentence of one hundred and thirty years for nonhomicide offenses is the functional equivalent of a life sentence without parole because it does not afford him any "meaningful opportunity to obtain release" within his lifetime in violation of *Graham* and the Eighth Amendment. We disagree.

■■ The general rule is the circuit court has no jurisdiction to reconsider a criminal matter once the term of court has expired. *State v. Warren*, 392 S.C. 235, 238, 708 S.E.2d 234, 235 (Ct.App.2011). "[A] trial judge has no jurisdiction to review his own sentences and substitute sentences after adjournment of the court." *State v. Patterson*, 272 S.C. 2, 4, 249 S.E.2d 770, 770 (1978) (citing *State v. Best*, 257 S.C. 361, 186 S.E.2d 272 (1972)).

■ "Th[is] rule has two exceptions: a timely post-trial motion and a motion for a new trial based on after-discovered evidence." *State v. Campbell*, 376 S.C. 212, 215, 656 S.E.2d 371, 373 (2008) (distinguishing jurisdiction from subject matter jurisdiction and explaining a trial judge is without the power to act under the general rule despite the existence of subject matter jurisdiction). Furthermore, the circuit court on remand has only the jurisdiction and authority mandated by the appellate court. *Prince v. Beaufort Mem'l Hosp.*, 392 S.C. 599, 605, 709 S.E.2d 122, 125 (Ct.App.2011); *see S.C. Dep't of Soc. Servs. v. Basnight*, 346 S.C. 241, 250–51, 551 S.E.2d 274, 279 (Ct.App.2001) (stating the "trial court has no authority to exceed the mandate of the appellate court on remand").

Although review of Slocumb's burglary sentence was directed to the circuit court from the federal district court rather than one of our state appellate courts, we find the circuit court was likewise bound by the district court's directive. In this case, the directive included only reconsideration of the sentence for the burglary conviction. The district court dismissed Slocumb's remaining issues in his habeas petition without prejudice. Slocumb informed the circuit court that an

independent motion in state court to reconsider all of Slocumb's convictions remained pending. We find no error by Judge Benjamin in refusing to entertain Slocumb's request to reconsider sentencing on all of his convictions.

## CONCLUSION

For the foregoing reasons, the order on appeal is

**AFFIRMED.**

HUFF and KONDUROS, JJ., concur.