**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Theodore Jerry Bolick, Appellant.

Appellate Case No. 2020-001497

---

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge
William H. Seals, Circuit Court Judge
R. Ferrell Cothran, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-221
Submitted June 13, 2024 – Filed June 26, 2024

---

**AFFIRMED**

---

Theodore Jerry Bolick, pro se.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

---

**PER CURIAM:** Theodore Jerry Bolick appeals his convictions for three counts of second-degree burglary and concurrent sentences of twelve years' imprisonment. On appeal, Bolick argues (1) he did not voluntarily waive his right to trial counsel,

(2) his rights to a fair trial and to counsel were violated because he was tried without counsel, (3) the circuit court erred by failing to sever the charges, (4) the circuit court erred by considering the State's motion to reconsider its grant of a new trial because the motion to reconsider was filed after the term of court had expired, and (5) the circuit court erred by exceeding the authority mandated by this court upon remand by ruling on the State's motion to reconsider. We affirm pursuant to Rule 220(b), SCACR.[1]

At the start of the pretrial hearing, Bolick, who was pro se, indicated he had two motions. He first argued his motion to sever, and the State responded. Before the circuit court ruled, it explained it needed to make sure Bolick was making a voluntary decision to proceed without counsel and that his decision was knowingly and intelligently made. When the court asked whether Bolick wanted to proceed pro se, Bolick responded, "I would ask for counsel to assist and the reason I would is because I seem to be having a lot of problems getting my witnesses subpoenaed to court." The court reviewed Bolick's age, educational background, employment, familiarity with the legal system,[2] whether Bolick understood the Rules of Evidence, and it advised Bolick of the dangers and disadvantages of self-representation under *Farreta v. California*.[3] When the court again asked if Bolick wanted to waive counsel, Bolick indicated he "wish[ed he] had counsel," but "[i]t [did not] seem like [he had] time to discuss the case and show the lawyer anything about [his] case." The circuit court offered Bolick "the evening to discuss it with an attorney"—specifically, with Mr. Spratlin, an attorney from the public defender's office—and then "[Bolick] c[ould] decide whether [he] want[ed] an attorney." Bolick agreed, and the circuit court ruled it would wait to address Bolick's motions until the following morning, indicating it did not "want to address [Bolick's] motions or rule on [them] until [it] hear[d] from [Bolick's] attorney." When Bolick did not appear for trial the next morning, the State sought to try Bolick in his absence. The court explained that Bolick had consented to speaking with potential counsel, and it was the court's understanding that Bolick met with potential counsel; however, he "still indicated to them that he wanted to proceed pro se, but that he would allow someone to sit behind his table in case he had some question but their representation or their involvement would be simply limited to that." Further, in addressing Mr. Spratlin, the court stated, "It's my understanding [Bolick] has not asked you to represent him, he had not consented to you

---

[1] On April 19, 2024, Bolick filed a motion for oral argument. After careful consideration, this motion is denied.

[2] The record reflects Bolick's familiarity with the court system.

[3] 422 U.S. 806 (1975).

representing him and we appreciate your willingness to discuss these matters with him. You may withdraw." Mr. Spratlin responded, "Yes, sir, Your Honor," and indicated he would "be available should the situation change and the Court need to again appoint[] me as standby or shadow counsel." The circuit court found Bolick voluntarily, knowingly, and intelligently waived his right to counsel, that he was noticed of his right to be present for trial and had waived it, and that Bolick's outstanding motions were considered "withdrawn" based on his failure to appear and pursue them. The jury found Bolick guilty of three counts of second-degree burglary, and Bolick's sentence was sealed.

Some months later, Bolick filed a motion for a mistrial and a motion for a new trial; the motions were premised, in part, on the circuit court's failure to sever the charges. He was subsequently brought before the court and sentenced to concurrent sentences of twelve years' imprisonment on each charge; his outstanding motions were not ruled on. Bolick then served and filed a notice of appeal. Subsequently, this court requested the parties serve and file memoranda addressing the issue of appealability. After reviewing the parties' responses, this court held the appeal in abeyance and "remanded to the circuit court for consideration of all outstanding motions . . ." and requested status updates "every thirty days until the motions [were] resolved."

Following a hearing on remand, the circuit court granted Bolick's motions for a mistrial and a new trial via two Form 4 orders on April 19, 2021. On April 23, 2021, the State filed a motion to reconsider. Following a hearing, the circuit court issued an order on June 10, 2021, granting the State's motion to reconsider and issued two Form 4 orders denying Bolick's motions for a mistrial and a new trial. Bolick served and filed a notice of appeal from the order of reconsideration.

As to issues one and two, we hold that Bolick, knowingly, intelligently, and voluntarily waived his right to counsel, and thus, the circuit court did not err by allowing the trial to proceed without Bolick having representation. *See State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018) ("Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo."); *State v. Thompson*, 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct. App. 2003) ("A defendant may waive his Sixth Amendment right to counsel. A waiver is an intentional and voluntary relinquishment of a known right."); *Osbey v. State*, 425 S.C. 615, 620, 825 S.E.2d 48, 50 (2019) ("For a waiver to be 'knowing and intelligent,' the defendant 'should be made aware of the dangers and disadvantages of self-representation.'" (quoting *Faretta*, 422 U.S. at 835)); *Thompson*, 355 S.C. at

262, 584 S.E.2d at 134-35 ("To effectuate a valid waiver of the right to counsel, the two-pronged *Faretta* test must be met in which the accused is (1) advised of his right to counsel and (2) adequately warned of the dangers of self-representation."); *id.* at 262, 584 S.E.2d at 134 ("A defendant may surrender his right to counsel through (1) waiver by affirmative, verbal request; (2) waiver by conduct; and (3) forfeiture."). Here, the circuit court informed Bolick of his right to counsel and the dangers and disadvantages of self-representation during the pretrial hearing. At that time, Bolick expressed interest in obtaining counsel, and the circuit court explained it would give Bolick the evening to discuss potential representation and obtain counsel, and court would reconvene in the morning; however, the next morning Bolick failed to appear for court. On the record, the circuit court explained that its understanding was that Bolick had indicated to counsel "that he wanted to proceed pro se, but that he would allow someone to sit behind his table in case he had some question but their representation or their involvement would be simply limited to that." Based on the foregoing as well as Bolick's failure to appear and with his familiarity with the court system, we hold Bolick waived his right to counsel by his conduct. Thus, the circuit court did not err by allowing the trial to proceed without Bolick having representation.

As to issue three, we hold that Bolick waived any issue regarding the severance of his charges. Although Bolick moved to sever the charges prior to trial, the circuit court indicated it would wait to address Bolick's motions until the following morning once Bolick had been given the opportunity to speak with potential counsel and said counsel was given an opportunity to be heard on the motions. Subsequently, when Bolick failed to appear for trial and pursue his motion to sever, the circuit court considered the motion "withdrawn." Because the motion was withdrawn, Bolick never received a ruling. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]."). Further, although Bolick later filed motions asserting that his charges should have been severed, his later assertions of this argument were also not timely. *See State v. Manning*, 400 S.C. 257, 269, 734 S.E.2d 314, 320 (Ct. App. 2012) (finding the appellant waived the issue of severance by failing to timely object to the presentation of both indictments to the prospective jurors and waiting until the jury selection process was complete and the jury was qualified); *see generally Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court].").

As to issue four, we hold the State's motion to reconsider the circuit court's grant of Bolick's motions for a mistrial and a new trial was filed within the time limits required by Rule 29 of the South Carolina Rules of Criminal Procedure. *See* Rule 29(a), SCRCrimP ("Except for motions for new trials based on after-discovered evidence, post-trial motions shall be made within ten (10) days after the imposition of the sentence. . . . *The time within which to make the motion shall not be affected by the ending of a term of court* or departure of the judge from the circuit, and the circuit judge shall retain jurisdiction of the action for the purpose of hearing and disposing of the motion if not heard and disposed of during the term." (emphasis added); *State v. Pfeiffer*, 427 S.C. 10, 13, 828 S.E.2d 764, 766 (2019) ("Successive Rule 29(a) motions are generally not permitted. However, where a second Rule 29(a) motion is related to the disposition of the first Rule 29(a) motion, the trial court retains authority to hear and dispose of the subsequent motion, provided the subsequent motion is filed within ten days of the disposition of the prior post-trial motion."). Specifically, the circuit court filed its Form 4 orders granting Bolick's motions on April 19, 2021, and the State filed its motion for reconsideration on April 23, 2021—four days later.

As to issue five, we hold the circuit court did not exceed its authority on remand by considering the State's motion to reconsider the circuit court's grant of Bolick's motions for a mistrial and a new trial. *See State v. Slocumb*, 412 S.C. 88, 92, 770 S.E.2d 436, 439 (Ct. App. 2015) ("[T]he circuit court on remand has only the jurisdiction and authority mandated by the appellate court."). This court "remanded to the circuit court for consideration of all outstanding motions . . ." and requested status updates "every thirty days until the motions [were] resolved." Thus, until the circuit court had considered and ruled upon the State's motion to reconsider, the motions were not "resolved."

**AFFIRMED.**[4]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.